## FRANCISCO MARTINEZ v. THE STATE.

### *No. 820.    Decided January 22nd, 1896.*

1. **Assault With Intent to Murder—Specific Intent—Test of.**

Our statute, Penal Code, Art. 717 [612], furnishes a test by which the specific intent to kill, in all cases, is to be determined, to-wit: "That the instrument or means used, by which a homicide is committed, are to be taken into consideration in judging of the intent of the party offending. If the instrument be not one likely to produce death, it will not be presumed that death was designed, unless from the manner in which it was used, such intention evidently appears."

2. **Same—Evidence—Pocket Knife—Charge—Aggravated Assault.**

On a trial for assault with intent to murder, where the instrument is shown to have been a pocket knife, which is not described; and the wound inflicted was described, "as about two inches in length," and "not a very bad cut." Held: To warrant a conviction, it was the duty of the State to show that the knife was an instrument likely to produce death, or that it was so used as to evidently show an intention to kill. The fact that the wound was inflicted by a knife, is not sufficient, alone and of itself, to show such intention. And on the facts stated, it was error for the court to omit to charge upon aggravated assault and battery.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBT. B. GREEN.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being four years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Selig Deutchman*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted under an indictment charging him with assault with intent to murder, and his punishment assessed at four years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The statement of facts shows that the instrument used in the assault was a pocket knife. The wound inflicted was on the left breast, just below the left nipple, and about two inches in length. The depth of the wound is not given, nor is any further description of said wound contained in the record, except one witness says, "it was not a very bad cut." It is not shown that he even bled from the wound, nor that he suffered any inconvenience therefrom. While it is true that the court instructed the jury that they must believe that the defendant had the specific intent to kill, yet we are of opinion that the court should have instructed the jury in regard to aggravated assault and battery. If the appellant did not have the specific intent to kill, he was not guilty of an assault with intent to murder. This proposition has been settled by numerous cases decided by this court. Our statute prescribes the test by which such a question is to be determined. Penal Code, Art. 612, provides, "That the instrument or means, by which a homicide is committed, are to be taken into consideration in judging of the intent of the party offending. If the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." While this article has reference to a case of homicide, it nevertheless furnishes a test for all cases where the specific intent to kill is involved. The instrument in this case is not described at all, further than it was a pocket knife. The State had it before the jury. There was no attempt to describe it. It may have been a very small knife, and not at all calculated or likely to produce death. The State must make out its case, and must prove beyond a reasonable doubt that the appellant intended to kill the deceased. If the knife was such an instrument as was likely to produce death, it was the duty of the State to show it. We cannot presume that it was, in the absence of proof. The State, failing to prove that the instrument was likely to produce death, could still make out its case by proving that it was so used as to evidently show intention to kill. The fact that the wound was inflicted by a knife is not sufficient alone. Why? Because death itself may be produced, and still we cannot infer from that alone that there was an intent to kill. There must be other facts and circumstances to show this specific intent to kill, where the proof fails to show that the instrument was not likely to produce death, and these other circumstances must render it evident that he intended to kill. We are not satisfied that such proof has been made, at least, so conclusively made as to take the question from the jury. The court should have given a charge upon aggravated assault and battery. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*