### D. L. MATHIS v. THE STATE.

No. 1896. Decided October 26, 1898.

**1. Assault With Intent to Murder—Indictment.**

It is not essential to allege the means used in an indictment charging an assault with intent to murder.

**2. Confessions While in Custody—Construction of Statute.**

Article 790, Code of Criminal Procedure, regulating the admission of confessions, evidently has reference only to confessions with regard to past offenses or to the offense for which defendant is in custody. Statements, acts, conduct, and declarations of a defendant while in custody upon one charge concerning another independent offense then being committed, or an offense to be committed, are always admissible in evidence against him independent of the statute.

**3. Assault With Intent to Murder—Specific Intent.**

An assault with intent to murder can be committed with implied as well as express malice; and the statute defining the offense does not restrict the intent to kill to the person assaulted. If the assault is with intent to murder some one, this is all that is required. An assault to murder one party, with an accidental injury to another, carries over the malice to such other by implication.

**4. Same—Charge—Aggravated Assault.**

On a trial for assault with intent to murder, where the assault occurred in a court of justice, and was made with a weapon such as might be regarded as deadly, but the material issue was whether defendant had the specific intent to kill, and the court charged the jury, in effect, that if they did not find assault to murder, they might find aggravated assault if they found that the assault was committed in a court of justice; Held, the charge should also have submitted aggravated assault if the jury believed that, though made with a deadly weapon, it was not made with intent to kill.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged defendant with an assault to murder one A. T. Wooten.

The evidence showed that the assault was made with a chair which weighed twenty-eight or thirty pounds—an oak chair with solid wooden bottom, wooden legs and back. The assault was committed in the courthouse while court was in session. Defendant had been tried. Wooten was a witness against him, and the jury had just returned a verdict against defendant, when he seized the chair and rushed with it in the direction of where Wooten and S. P. Clark, the sheriff, were standing. It seems he had made previous threats against both Wooten and Clark. As defendant raised the chair Clark ran at him, and as he reached for

the chair defendant struck with it, striking Wooten on the head and arm. We quote as follows from the statement of facts: "Some of the witnesses said, on cross-examination, that they could not tell but what' defendant intended to strike Clark and not Wooten. And some of them on cross-examination stated that they could not say but what the falling of the chair towards Wooten was caused by the fact that Clark ran in front of and gathered hold of defendant when the chair was raised in the hands of defendant. Some also stated that they could not tell whether the defendant struck holding the chair in his hands, or threw the same at Wooten. Some of them also stated that they could not tell whether defendant threw the chair or whether it fell out of his hands towards Wooten on account of the struggle with Clark."

The threats and declarations made by defendant while in custody, against Wooten and Clark, are quoted in the opinion below, and proof of these threats and declarations was objected to by defendant upon the ground that at the time they were made defendant was in custody.

Upon the issue of aggravated assault, the court instructed the jury: "Assault or battery becomes aggravated when committed with a deadly weapon under circumstances not amounting to an attempt to murder or maim; and also becomes aggravated when committed in a court of justice. An assault or an assault and battery may be committed though the person actually injured thereby was not the person intended to be injured." And again: "If you do not find the defendant guilty of an assault with intent to murder, but believe from the evidence that the defendant did, in Tarrant County, at or about the time alleged in the indictment, make an assault upon A. T. Wooten, and that he committed the assault, if any, in a court of justice, it will be your duty to find the defendant guilty of aggravated assault and assess his punishment," etc.

The defendant requested the court to instruct the jury, "that, unless you believe beyond a reasonable doubt that there was in the mind of the defendant at the time of the alleged assault the specific intent to kill A. T. Wooten, it will be your duty to acquit the defendant." "If, from the evidence, you have a reasonable doubt as to whether or not defendant intended to hit S. P. Clark or A. T. Wooten, you will acquit him."

These instructions were refused by the court.

*O. S. Lattimore,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is nothing in appellant's motion to quash the indictment, it not being necessary to allege the means used in charging assault with intent to murder.

Appellant complains of the action of the court in admitting, over his

·objections, the evidence of A. T. Wooten, S. L. Clark, and A. K. Ralston as to declarations of appellant, while in jail, not being cautioned, showing his animus towards S. P. Clark and A. T. Wooten. It appears that appellant was confined in jail on a charge of theft of cattle, and A. T. Wooten was a State's witness against him. The charge against him, on which he was tried in this case, was for an assault with intent to murder A. T. Wooten; and the State introduced against him the following declaration made to A. K. Ralston, a deputy sheriff, while appellant was in jail, to wit: "If Wooten swears what I have heard he is going to swear against me, I will break a chair over his head, if in my power to do so." And also the following testimony adduced from S. P. Clark, made under the same conditions, to wit: "Appellant stated that if he ever lived to get out of this trouble, he would get even with Mr. Wooten and Mr. Clark." The court explains the admission of this testimony by the statement that the offense for which the defendant was under arrest was a charge of cattle theft, and the offense for which defendant is now being tried had not been committed, and no charge made against him with reference thereto, and it was admissible and material to show motive and malice. Our statute regulating the admission of confessions evidently has reference to the offense for which the defendant was then held in custody. See Code Crim. Proc.; art. 790. It has been held, however, that the confessions of defendant can be used against him, if made in accordance with said article, if such confessions relate to some other offense or charge against appellant than the one for which he is held in custody. But such confessions relate to some past offense. We know of no case where statements, acts, or conduct of a defendant of a criminal character, while in jail, concerning an offense then being committed, or concerning some offense to be committed, have been excluded under this article. In Davis v. State, 19 Texas Criminal Appeals, 201, it was held that such evidence is admissible outside of the statute. To illustrate: Suppose A, a prisoner, should assault B, a fellow prisoner, while in jail; would the acts and conduct of A, including his declarations in connection with the offense, be excluded, because no warning had been given under the statute? Certainly not. Again, suppose A, the prisoner confined in jail, should assault B, the jailer, with a stick,—a weapon not necessarily deadly,—and should be subsequently tried for an assault with intent to murder, and the question should be whether or not the assault was made with the specific intent to kill; under these circumstances, would it be competent for the State to show by some fellow prisoner of A that prior to the assault he had stated that he intended to kill B, the jailer, and make his escape? We think that such testimony would be clearly admissible, without any infringement on said article of our Code of Criminal Procedure. We therefore hold that the court did not err in admitting said testimony.

Appellant also complains that under the facts of this case the court erred in telling the jury in his charge that an assault or an assault and battery may be committed, though the person actually injured ·thereby

was not the person intended to be injured. The contention here is that before appellant could be guilty of the offense of an assault with intent to murder, he must have the specific intent to kill the person assaulted. We do not agree with this contention. An assault with intent to murder can be committed with implied as well as with express malice, and the statute defining this offense does not restrict the intent to kill to the person assaulted. The assault is only required to be with intent to murder; that is, to murder some one. And we hold that if A shoots at B with intent of his malice aforethought to kill and murder B., but accidentally shoots C, and inflicts a wound upon him, that the malice is carried over to C, and that this is an assault with implied malice to murder C.

Appellant further complains that the court erred in charging on the law of aggravated assault committed in a court of justice, and because the court erred in not charging on the law of aggravated assault with a deadly weapon. Inasmuch as it was a crucial point in the case whether or not appellant had the specific intent to kill at the time he made the assault, and the assault was made with a weapon such as might be regarded as deadly, and was also made in a court of justice, we think the same was calculated to mislead and confuse the jury. They were informed that if appellant made an assault on Wooten with a deadly weapon, with intent to kill him, it would be an assault with intent to murder. They were then told that if they did not believe that the State made a case of assault with intent to murder, they would then inquire whether or not it was an aggravated assault, and, if they found that same was committed in a court of justice, to find him guilty of an aggravated assault. Under such circumstances the jury might believe that no other circumstances except an assault in a court of justice would reduce to an aggravated assault; that if it was made with a deadly weapon, it must be an assault with intent to murder. We believe, under the facts of this case, that the court should have given a charge authorizing the jury to find defendant guilty of an aggravated assault, if they believed the assault was made with a deadly weapon, but not with the intent to kill. The evidence is by no means clear and strong, relieving the case of all reasonable doubt that appellant intended to take the life of Wooten. Whether he struck Wooten intentionally, or the chair was knocked out of his hands, is questionable. The attack was certainly not of a very violent character, and is rather a suggestion of bravado than a serious attack to take the life of either Clark or Wooten. At least, in our opinion, the jury should have been given a full charge on the features of the case which would reduce the offense to an aggravated assault. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.