## WILL CUBINE v. THE STATE.

### No. 2734.    Decided March 25, 1903.

**1.—Indictment—Motion to Quash—Disqualification of Grand Jurors for Non-payment of Poll Tax.**

On motion to quash an indictment because of disqualification of the grand jurors for nonpayment of poll tax; Held, if conceded that the motion was allowable, the indictment having been presented sixteen days before the constitutional amendment as to payment of a poll tax became operative, the grand jurors were not disqualified.

**2.—Same.**

Disqualification of grand jurors can not be raised on a motion to quash the indictments.

**3.—Disqualification of Petit Jurors—New Trial.**

Disqualification of petit jurors can not be raised on motion for new trial.

**4.—Continuance—Bill of Exceptions.**

A refusal to grant a continuance will not be revised where a proper bill of exceptions was not reserved in the lower court.

**5.—Assault to Murder—Charge—Aggravated Assault and Battery.**

On a trial for assault with intent to murder, where it was doubtful under the facts if defendant shot at prosecutor with specific intent to kill, a charge upon aggravated assault should have been given.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with assault with intent to murder one W. W. Talley, on the 1st day of October, 1902.

The last paragraph but one of the opinion gives a very concise statement of the case as made by the evidence, and no further statement is required.

No briefs for appellant have come to the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—1. Appellant moved the court to quash the indictment, contending that it was not a legal grand jury which presented the same, because seven of the members thereof were not competent jurors; that they were over 21 and under 60 years of age, but were not qualified voters, inasmuch as they had not paid their poll tax, as required by the recently adopted constitutional amendment. The question of the disqualification of the grand jury can not be raised by motion to quash. Doss v. State, 28 Texas Crim. App., 506; Hudson v. State, 40 Texas, 12; Leinburger v. State, 21 S. W. Rep., 603; Reed v. State, 1 Texas Crim. App., 1.

2. He also contends that the petit jury trying him was an illegal jury because four members thereof were disqualified jurors, inasmuch as they had not paid their poll tax as required by the recently adopted constitutional amendment. He raises this issue on motion for new trial. This comes too late. Sutton v. State, 31 Texas Crim. Rep., 297; Logginsv. State, 12 Texas Crim. App., 65; Lane v. State, 29 Texas Crim. App., 310; Leeper v. State, 29 Texas Crim. App., 63.

3. Appellant also complains of the court overruling his application for continuance. An inspection of the record will show that he did not reserve a proper bill of exceptions to this. He merely had a judgment entered on the minutes of the court showing that he excepted to the action of the court overruling his application.

4. In paragraph 4 of his motion for new trial he complains of the refusal of the court to give his special charge, asked by defendant, on aggravated assault and sudden passion arising from adequate cause. There are no such charges in the record or bill of exceptions showing that any were requested.

DAVIDSON, PRESIDING JUDGE.—Conviction of assault with intent to murder.

Motion was made to quash the indictment because the grand jury pre-

senting it was an illegal body, by reason of the fact that several of its members had not paid their poll taxes before the 1st of January, 1903. In regard to the date of the payment of the poll tax, the amendment to the Constitution fixes the time as the 1st of February, and not the 1st of January. This indictment was presented on January 15th. There was still sixteen days of January in which the grand jurors could pay their poll tax, conceding it was necessary under existing legal conditions. This amendment to the Constitution was adopted at the election in November last, and has no retroactive effect. So it could not operate to prohibit citizens from voting at elections occurring prior to February 1, 1903. But in no event was the motion to quash well taken. The disqualification of grand jurors can not be raised on motion to quash. Doss v. State, 28 Texas Crim. App., 506; Lienburger v. State (Texas Crim. App.), 21 S. W. Rep., 603; Reed v. State, 1 Texas Crim. App., 1; Hudson v. State, 40 Texas, 12. So, from any standpoint, it would not constitute a cause for challenge or ground of motion to quash.

It is also contended that some of the jurors who tried him were disqualified because they had not paid their poll tax, as required by the recently adopted constitutional amendment. This question, however, is raised on motion for new trial, and comes too late. Sutton v. State, 31 Texas Crim. Rep., 297; Leeper v. State, 29 Texas Crim. App., 63; Lane v. State, 29 Texas Crim. App., 310; Loggins v. State, 12 Texas Crim. App., 65. The amendment as to voters does not apply to petit jurors, for reasons above indicated, under existing legal status.

The refusal of the court to grant the continuance will not be revised, because proper bill of exceptions was not reserved.

In the motion for new trial it is urged that the court should have charged on aggravated assault and battery. It is a very serious and doubtful question, under the facts, if appellant did shoot at Talley, whether he intended to kill. The firing at Talley is denied by appellant. Appellant fired the shot at close range, and there was but one shot fired at Talley. There was nothing to prevent appellant from shooting him. There was no interference of any sort. It was a serious question, bearing directly on the intent of appellant, and tended strongly to show that the specific intent to kill was wanting.

We are of opinion that a charge on aggravated assault should have been given, and, because it was not, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*