### WILL PRESCOTT v. THE STATE.

#### No. 3761.   Decided October 30, 1907.

**1.—Assault With Intent to Murder—Specific Intent to Kill—Charge of Court.**

Upon trial for assault with intent to murder, a charge of the court which fails to instruct the jury that there must be a specific intent to kill on the part of the defendant to warrant conviction, and which also places an intent to commit serious bodily injury as a basis of guilt, was reversible error.

**2.—Same—Lower Grade of Offense.**

Where the proof is inconclusive of the specific intent to murder, the charge should give the jury discretion to convict of a lower grade than of assault with intent to murder.

**3.—Same—Bill of Exceptions by State.**

The State has no right of appeal, and a bill of exceptions by the district attorney to the ruling of the court excluding testimony cannot be considered on appeal.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*L. C. Barrett, J. A. Templeton* and *G. W. Wharton,* for appellant.— On question of specific intent to kill: Johnson v. State, 1 Texas Crim. App., 612; Watts v. State, 30 Texas Crim. App., 537; Wood v. State, 27 Texas Crim. App., 403; White v. State, 13 Texas Crim. App., 261; Davis v. State, 15 Texas Crim. App., 478.

It is not assault with intent to murder, to assault a person with intent to do him such serious bodily injury as might probably result in death. Gillespie v. State, 13 Texas Crim. App., 415; Davis v. State, 15 Texas Crim. App., 479; Moore v. State, 26 Texas Crim. App., 322; Pruitt v. State, 20 Texas Crim. App., 129; Harrell v. State,

13 Texas Crim. App., 377; White v. State, 13 Texas Crim. App., 259; Williams v. State, 30 Texas Crim. App., 429.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—A former appeal in this case is reported in 19 Texas Ct. Rep., 115. The statement of the case on the former appeal may be regarded as sufficient for the disposition of this case. Exception was ,reserved to the following charge: "I further charge you that if you believe from the evidence, beyond a reasonable doubt, that the defendant sought the meeting with the said W. H. Reese for the purpose of slaying the said Reese or to do him such serious bodily injury as might probably end in the death of said W. H. Reese, and having found him, did some act, or used some language, or did both, with intent to produce the occasion and bring on the difficulty, and that the same, under the same circumstances, was or were reasonably calculated to provoke a difficulty, and on such account the said W. H. Reese attacked him, and he then attempted to slay the said Reese or to do him such serious bodily injury as might probably end in the death of said Reese, in pursuance of his original design then the defendant can not justify on the ground of self-defense, but such attack, on defendant's part, would be assault with intent to murder, provided if said Reese had been killed under such circumstances it would have been murder in one of the degrees; but if defendant had no such purpose in seeking the fatal meeting, or having had the meeting, did no act reasonably calculated to provoke the difficulty, and was attacked by the said W. H. Reese, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or from what reasonably appeared to him at the time to be danger, viewed from his standpoint."

Contention is made that this authorizes the conviction of appellant of assault with intent to murder in the absence of a specific intent to kill and with the further intent, on the part of appellant, to commit serious bodily injury. Without review of the facts, it may be stated, that the issue of assault to murder was made by the evidence on the part of the State, on the part of the defendant, self-defense and generally speaking the issue of aggravated assault. It has been well settled by an unbroken line of decisions in this State that in order to constitute the crime of assault with intent to murder, that there must be an assault coupled with the specific intent to kill, the party being actuated by malice aforethought. Assault to murder can not be constituted by an assault with any other intent than that of committing a homicide, and that attack, if consummated in a homicide, would amount to murder in one of the two degrees. An assault with intent to commit serious bodily injury, falls short of the specific intent to kill and under such circumstances, should a killing occur, the offense usually would

be manslaughter.  For a collation of authorities in support of the above statement, see White's Annotated Penal Code, section 1045.  A charge, which authorizes a conviction for assault with intent to murder upon proof that the assault was with intent "to inflict serious bodily harm," and not to kill, is fundamentally erroneous.  See Gillespie v. State, 13 Texas Crim. App., 415; Pruitt v. State, 20 Texas Crim. App., 129; McCullough v. State, 24 Texas Crim. App., 128; Moore v. State, 26 Texas Crim. App., 322; Carter v. State, 28 Texas Crim. App., 355; Williams v. State, 30 Texas Crim. App., 429.  It may be further stated that where the proof is inconclusive of the specific intent to murder, the charge should give the jury discretion to convict of a lower grade than of assault with intent to murder, if they should find that the evidence did not show a specific intent to kill.  Carter v. State, 28 Texas Crim. App., 355; Moore v. State, 33 Texas Crim. Rep., 306.  The above is favorable to appellant's contention that the charge on aggravated assault and battery should have been given.

The State reserves a bill of exceptions, which is set out in the record, to the ruling of the court excluding certain testimony offered by the prosecution.  The State has no right of appeal, but if it was necessary to pass upon the question, we would hold that the court ruled correctly in excluding the offered evidence.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.