JERRY THOMAS v. THE STATE.

No. 712. Decided October 19, 1910.

**Assault to Murder—Aggravated Assault—Charge of Court.**

Upon trial of assault to murder, where the evidence did not show conclusively a specific intent to kill, and raised the issue that defendant fired towards the party alleged to be injured with intent to frighten and alarm, and failed to show that the prosecuting witness was in reach of the defendant, the court should have submitted a charge on aggravated assault.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is a conviction for assault with intent to murder with a penalty of two years confinement in the penitentiary.

The facts, in brief, are about as follows: Ben Johnson, on whom the assault is alleged to have been committed, testified that he was a member of the police force of the city of Houston; that on the night of the 23rd day of August, 1909, he was on duty that night at what is known as Rosenberg's place. That at that place that night was a big gang of people, and amongst them Jerry Thomas, the defendant. He had been working in that portion of the second ward for about a month; that Mr. Hill was another officer with him that night. That they were walking along close down the railroad track and they saw Jerry Thomas shooting at a negro. The witness says he and Hill made a run for the defendant, that the party being shot at was coming towards them. The defendant turned back and started on down towards Hamilton school, and that when they got within three or four blocks of said schoolhouse the defendant dropped his gun back over his shoulder and fired a couple of shots, when the witness says he pulled his gun and commenced shooting back. The witness says he had seen the defendant down there in the second ward several times. He says he did not know who the negro was defendant was shooting at; that he never got to see the negro. He says the man who was shooting at the negro was the one who shot at him. Hill testified that he did not see the defendant do the shooting but says the defendant was shooting at a negro and shot at the negro three times; that he took out after the defendant and got within twenty steps of him when the negro turned and run down Reynolds street, and afterwards he heard two shots down there. This is the State's case.

The appellant placed one party by the name of James Pruitt on the stand, who testified that he was the party who was being shot at, and that Jerry Thomas was not the man who was shooting at him; and appellant also produced the affidavit made by Pruitt the next morning after this against one Maynard Reed for shooting at him on that night. Pruitt further testified that the witness Hill threw his gun down on him, when he told the witness Hill who the party was that was shooting at him, and pointed towards him, when Hill went one way and Johnson went the other, Hill following Maynard Reed. He heard some shots after the officers went off. He testified that appellant was not the party who was shooting at him. The appellant took the stand and testified that he did not shoot at the officer, and was not on the streets that night. The court submitted the case to the jury on assault to murder and alibi.

The appellant, in his motion for new trial, complains that the court erred in not submitting to the jury a charge on aggravated assault. We think the facts of the case called for a charge on aggravated assault. There is no proof that appellant knew that the man pursuing him was an officer. There is a total absence of proof as to the distance between the parties at the time the State witness claims the

defendant was shooting at him. He simply says the defendant while running threw his gun over his shoulder and fired twice. The proof does not exclude the idea that there may have been something less than a specific intent to kill and murder. If the shooting was intended to scare or frighten a party it could not be higher than aggravated assault. The testimony raised the issue of aggravated assault and this issue should have been submitted to the jury, first, because the proof does not conclusively show a specific intent to kill; second, if it raises anything it raises the issue of firing towards a party with intent to frighten or alarm, and, third, the proof fails to show that the appellant was in reach of the prosecuting witness or at such distance as he could be capable of inflicting injury with the gun.

For the error of the court in failing to charge on aggravated assault, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*