### Arthur Armstrong v. The State.

#### No. 801.   Decided November 16, 1910.

**1.—Assault to Murder—Charge of Court—Aggravated Assault.**

Where, upon trial of assault to murder, the evidence raised the issue of premeditated design but without the specific intent to kill, and by the use of means calculated to inflict great bodily injury, the court should have instructed the jury on the law of aggravated assault.

**2.—Same—Charge of Court—Adequate Cause.**

Where, upon trial of assault to murder, the evidence did not call for a charge on aggravated assault on account of passion arising from an adequate cause, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Jasper. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Blackshear,* for appellant.—On the question of the court's failure to charge on aggravated assault: Sowell v. State, 32 Texas Crim. Rep., 482; Goode v. State, id., 505; Slaughter v. State, 34 Texas Crim. Rep., 81; Blackwell v. State, 33 Texas Crim. Rep., 278; Moore v. State, id., 306; Beaty v. State, 30 Texas Crim. App., 677; White v. State, id., 652; Carter v. State, 28 Texas Crim. App., 355; Bonner v. State, 29 Texas Crim. App., 223.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction of assault with intent to murder with a penalty of two years.

There is but one question presented in the record in this case and that is, whether the court should have charged upon aggravated assault. The appellant requested an instruction that if the jury believed the defendant was guilty of an assault, but had a reasonable doubt as to whether such assault was upon malice aforethought with intent to murder, they should acquit him of assault to murder and consider whether he was guilty of an aggravated assault or not. The court had omitted in his general charge to submit the issue of aggravated assault. It seems that some negro boys got into a quarrel on the 25th day of March, 1910, along about twelve o'clock, in the town of Kirbyville, in Jasper County, and the appellant, Armstrong, cut Czar Johnson with a pocketknife; the knife was shown to be an ordinary pocketknife with a blade about two and a half or three inches long and the handle about the same length. One of the witnesses testified that appellant cut Johnson along under the arm somewhere; that the cut was about an inch and a half long. No one told as to the depths of the wound, no physician testified as to the character of the wound or of its seriousness. The injured party bled freely from the wound. The dispute started up by the injured party owing the appellant two dollars. Another witness described the cut as being under the arm up close to his shoulder. The State's testimony makes the defendant the aggressor and that he cut the prosecuting witness without any excuse, while the defendant's testimony raises the issue of self-defense. There was no testimony offered as to whether the wound was serious or not. Appellant struck the injured party one lick. Some of the witnesses said there was a scratch on his back as though a knife had struck it. Dug Jenkins testified for the State that the difficulty occurred close to the creek; that the witness had gone from the lake fishing and when he came up to the log that lay across the creek he heard appellant and the injured party scrapping about two dollars that the injured party owed the appel-

lant; that appellant was insisting on his paying it, as he had the money and the injured party refused to pay on the ground that the money belonged to Mr. White. Witness says he did not see the lick struck, but heard the injured party cry out, "Don't let this man kill me," and he saw blood on the body of the injured party. This witness was about twenty feet from them and went up to the parties, who it seems had gotten off of the log into the creek. Another witness testified that the appellant talked like he wanted the injured party to pay him the money when the injured party told defendant that he would have to take it out of his back, because the money he then had belonged to Mr. White and he was going to give it to him; that appellant seemed to be mad because the injured party would not pay him the money and they were talking and going on across the log; that when the injured party got to where he could step off of the log appellant stepped up in front of him and stopped him, and this is where he struck the injured party with the knife, and the injured party cried out, "Don't let him kill me," when, witness says, he rushed up, having a stick in his hand, and stopped them and appellant went on off. This was substantially the testimony in the case. We think the court should have submitted to the jury aggravated assault. When an assault is committed with premeditated design, but without the specific intent to kill, and by the use of means calculated to inflict great bodily injury, it is an aggravated assault. We do not think the facts called for a charge on aggravated assault on account of passion arising from an adequate cause.

For the error of the court in not charging on aggravated assault the case is reversed and the cause remanded.

*Reversed and remanded.*