REEVES BOLDEN v. THE STATE.

No. 3099.   Decided April 22, 1914.

**Murder—Charge of Court—Aggravated Assault—Intent to Kill—Deadly Weapon.**
   Where, upon trial and a conviction of murder, the evidence raised the issues that defendant had no intent to kill, and whether the weapon used was a deadly weapon, the court should have charged on aggravated assault as requested, and a failure to do so was reversible error.

   Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

   Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

   The opinion states the case.

   *Baldwin & Baldwin,* for appellant.—On question of court's refusal to submit aggravated assault: Johnson v. State, 93 S. W. Rep., 735; Hightower v. State, 56 Texas Crim. Rep., 248, 119 S. W. Rep., 691; Huddleston v. State, 70 Texas Crim. Rep., 260, 156 S. W. Rep., 1168, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of murder and his punishment fixed at twenty years confinement in the penitentiary.

Appellant assigns many grounds in his motion for a new trial, but we are of the opinion but one of them presents reversible error. Deceased ran a store in the suburbs of Houston. Mail was left there for a number of his customers, and on the night of the homicide appellant went to the store to get his mail and he then details the difficulty as follows: "I came in and spoke to him; he was in the rear part of the store behind the counter. I asked him for my mail, and he said, 'By God, won't you wait?' and I said, 'Any mail here for me?' He said, 'Yes, I think so.' I said, 'I would like to get it from you, sir,' and he said, 'By God, can't you wait?' I said, 'Yes I can wait, but I would not talk to you that way.' He said, 'You son-of-a-bitch, you talk back to me I will knock your brains out.' I said, 'You won't do anything to me,' and he turned and walked to the counter and he said, 'You son-of-a-bitch I will show you,' and I said, 'I am no son-of-a-bitch,' so I started on out and got up there even with that counter to turn to go out, and he rushed from the counter from the other end and got an ax handle and overtaken me and ran up on me before I got anywhere out and struck me aside the head, and when he struck me, of course, I struck him to protect myself and ran. He left a sore on my head where he struck me, there was a big knot behind my ear, but it is well now. I expect it is well. I had done nothing to him to cause him to hit me. I had not hit him or touched him prior to that time. When he hit me I stabbed him with the knife. I had nothing against him. I merely stabbed him to protect myself." He further testified he had no intent to kill and that he cut deceased with an ordinary pocket knife.

Dr. Armstrong testified: "I would say that a pocket knife driven into a man's chest about the location where I found this wound was not necessarily fatal; it would depend upon whether a blood vessel is cut and infection entering into it. . . . The wound that Mr. Susholtz received was a dangerous wound, it caused his death, but such wounds in that locality are not necessarily fatal though it caused this man's death."

Appellant prepared and requested a charge presenting the issue of aggravated assault; excepted to the action of the court in refusing this charge, and to the failure of the court to submit aggravated assault in his main charge. Under the decisions of this State this evidence called for the submission of that issue to the jury. Branch, in his work on Criminal Law, says: "If there is evidence rendering it doubtful whether defendant intended to *kill* when he assaulted prosecutor, court should charge on aggravated assault. Carter v. State, 28 Texas Crim. App., 355, 13 S. W. Rep., 147; Moore v. State, 33 Texas Crim. Rep., 306, 26 S. W. Rep., 403; Cubine v. State, 44 Texas Crim. Rep., 596, 87 S. W.

Rep., 347; Prescott v. State, 52 Texas Crim. Rep., 35, 105 S. W. Rep., 192; Thomas v. State, 131 S. W. Rep., 314; Walker v. State, 7 Texas Crim. App., 627; Smith v. State, 36 Texas Crim. Rep., 569; Mathis v. State, 39 Texas Crim. Rep., 549, 47 S. W. Rep., 464; Scott v. State, 60 Texas Crim. Rep., 318, 131 S. W. Rep., 1072; Malone v. State, 60 Texas Crim. Rep., 509, 132 S. W. Rep., 769." Sec. 520, p. 342. Again he says: "If it is an issue whether the weapon used was a deadly weapon, the court should charge on aggravated assault. Chavana v. State, 51 S. W. Rep., 380; Cage v. State, 55 S. W. Rep., 63; Martinez v. State, 35 Texas Crim. Rep., 386; Smith v. State, 36 Texas Crim. Rep., 569; Armstrong v. State, 60 Texas Crim. Rep., 316, 131 S. W. Rep., 1074."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Judge, absent at consultation.