(Court of Criminal Appeals of Texas.     April 15, 1914.)

1. CRIMINAL LAW (§ 915*)—APPEAL—PRESENTATION BELOW—OBJECTIONS TO INFORMATION.

An objection that the information was not filed by the clerk could not be first raised in the motion for new trial; it being necessary to raise such objection at trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2152–2158; Dec. Dig. § 915.*]

2. INDICTMENT AND INFORMATION (§ 42*)—TIME FOR FILING.

While it would be too late to file the information, after announcement of ready · for trial and the parties had gone before the jury, if it had been placed with the papers prior to the calling of the case, and the court's attention had been called thereto, it would be deemed filed as of the date on which it was placed with the clerk.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 153; Dec. Dig. § 42.*]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Roy Landreth was convicted of carrying a pistol in violation of law, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. This conviction was for carrying a pistol in violation of .the law.

[1] The record is before us without a statement of facts or bills of exception. Among other things, it is urged in the motion for new trial that the information was never filed by the clerk, and was, therefore, illegal and void and of none effect. This was not urged prior to the trial, but was raised for the first time in the motion for new trial. There is no evidence in the record in regard to the matter, and under the decisions. it would come too late after the conviction. See Branch's Crim. Law, § 688, for collation of authorities. The evidence, if resorted to, might have shown that the information was filed at the same time and in connection with the complaint. Anyway, it is requisite to raise the question in limine, and it comes too late after conviction.

[2] Of course, if the information was filed after announcement of ready for trial, and the parties had gone before the jury, it would be too late to file it. If it had been placed with the papers, however, prior to calling of the case, and the court's attention called to it, it would then be filed of the same date at which it was placed with the clerk; but in the condition this record is, it is too late.

The judgment is affirmed.

---

BOLDEN v. STATE.·     (No. 3099.)

(Court of Criminal Appeals of Texas. April 22, 1914.)

HOMICIDE (§ 300*)—TRIAL—ISSUES—SUBMISSION.

In a prosecution for homicide, where accused testified that he stabbed deceased in self-defense, not intending to kill· him, and there was evidence that the pocketknife used would not necessarily inflict a fatal wound, a charge on aggravated assault is necessary.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614, 616–620, 622–630; Dec. Dig. § 300.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Reeves Bolden was convicted of murder, and he appeals. Reversed and remanded.

Baldwin & Baldwin, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of murder, and his punishment fixed at 20 years' confinement in the penitentiary.

Appellant assigns many grounds in his motion for a new trial, but we are of the opinion but one of them presents reversible er-

ror. Deceased ran a store in the suburbs of Houston. Mail was left there for a number of his customers, and on the night of the homicide appellant went to the store to get his mail, and he then details the difficulty as follows: "I came in and spoke to him; he was in the rear part of the store behind the counter. I asked him for my mail, and he said, 'By God, won't you wait?' and I said, 'Any mail here for me?' He said, 'Yes; I think so.' I said, 'I would like to get it from you, sir,' and he said, 'By God, can't you wait?' I said, 'Yes; I can wait, but I would not talk to you that way.' He said, 'You son of a bitch; you talk back to me; I will knock your brains out.' I said, 'You won't do anything to me,' and he turned and walked to the counter, and he said, 'You son of a bitch, I will show you,' and I said, 'I am no son of a bitch,' so I started on out, and got up there even with that counter to turn to go out, and he rushed from the counter from the other end, and got an ax handle, and overtaken me, and ran up on me before I got anywhere out, and struck me aside the head, and when he struck me, of course, I struck him to protect myself and ran. He left a sore on my head where he struck me; there was a big knot behind my ear, but it is well now. I expect it is well. I had done nothing to him to cause him to hit me. I had not hit him, or touched him, prior to that time. When he hit me, I stabbed him with the knife. I had nothing against him. I merely stabbed him to protect myself." He further testified he had no intent to kill, and that he cut deceased with an ordinary pocketknife.

Dr. Armstrong testified: "I would say that a pocketknife driven into a man's chest about the location where I found this wound was not necessarily fatal. It would depend upon whether a blood vessel is cut and infection entering into it. * * * The wound that Mr. Susholtz received was a dangerous wound. It caused his death; but such wounds in that locality are not necessarily fatal, though it caused this man's death."

Appellant prepared and requested a charge presenting the issue of aggravated assault, and excepted to the action of the court in refusing this charge, and to the failure of the court to submit aggravated assault in his main charge. Under the decisions of this state, this evidence called for the submission of that issue to the jury. Branch, in his work on Criminal Law, says: "If there is evidence rendering it doubtful whether defendant intended to *kill* when he assaulted prosecutor, court should charge on aggravated assault. Carter, 28 Tex. App. 355, 13 S. W. 147; Moore, 33 Tex. Cr. R. 306, 26 S. W. 403; Cubine, 44 Tex. Cr. R. 596 [73 S. W. 396]; Prescott, 52 Tex. Cr. R. 35, 105 S. W. 192; Thomas [60 Tex. Cr. R. 84], 131 S. W. 314; Walker, 7 Tex. App. 627; Smith, 36 Tex. Cr. R. 569 [38 S. W. 167]; Mathis, 39 Tex. Cr. R. 549, 47 S. W. 464; Scott [60 Tex. Cr. R. 318] 131 S. W. 1073; Malone [60 Tex. Cr. R. 509] 132 S. W. 769." Section 520, p. 342. Again he says: "If it is an issue whether the weapon used was a deadly weapon, the court should charge on aggravated assault. Chavana v. State, 51 S. W. 380; Cage v. State, 55 S. W. 63; Martinez v. State, 35 Tex. Cr. R. 386 [33 S. W. 970]; Smith v. State, 36 Tex. Cr. R. 569 [38 S. W. 167]; Armstrong v. State [60 Tex. Cr. R. 316] 131 S. W. 1074."

The judgment is reversed, and the cause remanded.

DAVIDSON, J., absent at consultation.