## GOSE v. BALLARD. (No. 3111.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 14, 1928.

Rehearing Denied Dec. 5, 1928.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellant.

E. W. Napier and C. K. Walsh, both of Wichita Falls, for appellee.

JACKSON, J. This is a suit by the appellee, Tom Ballard, against, the appellant, S. M. Gose, to recover damages for personal injuries alleged to have been sustained by appellee on account of the negligence of appellant in driving his automobile over appellee on a street in Wichita Falls.

Appellee alleges discovered peril, the negligence on which he relies, and the injuries which he sustained as the proximate result of appellant's negligence.

Appellant answered by general demurrer, special exceptions, general denial, and contributory negligence.

We deem this a sufficient statement of the pleadings for a disposition of the questions presented for review.

On the answer to special issues submitted to the jury, the court rendered judgment for appellee against appellant for the sum of $5,200 and costs; from which judgment this appeal is prosecuted.

Appellant alleges as error the action of the trial court in permitting appellee, over objection, to elicit from Charley Cook, while testifying, evidence suggesting to the jury, and from which they could infer, that appellant carried liability insurance to protect himself against damages in the operation of his car.

The bill of exceptions discloses:

That, while Charley Cook was on the stand testifying in behalf of appellant concerning what he saw and heard at the time of the accident about December 13, 1926, and further testified that he had gone to the place of the accident on Saturday previous to the beginning of the trial on Monday, November 21, 1927, counsel for appellee, while cross-examining said witness, asked:

"Q. Who else was there (referring to the scene of the accident)? A. Myself and Mr. Gose and Mr. Boone.

"Q. Who else? A. And Mr. Hicks, I believe, and Mr. Chambers. Q. Who is Mr. Hicks? A. He is with some insurance company."

That counsel for appellant objected to the answer to said question, as it was offered for the purpose of prejudicing the jury. After which objection, counsel for appellee stated "That is exactly the purpose of it." Counsel for appellant then stated to the court, in view of the fact that appellee had sought to prove "that question," he could not get a fair trial of the case, and counsel for appellee further stated: "That is about the purpose of the evidence we have offered." That the court overruled appellant's objection, and permitted the testimony, together with statement of counsel for appellee to the effect that the testimony was introduced exactly for the purpose of prejudicing the jury, to go before the jury. To all of which appellant duly excepted. This bill of exceptions shows that Mr. Hicks saw and heard something at the time of the accident about which he testified, for appellant; that he visited the scene of the accident two days before the beginning of the trial in company with appellant and his lawyer; and that on cross-examination appellee proved that Mr. Hicks was with some insurance company, and appellee's counsel stated that the purpose of such testimony was to prejudice the jury. Such proceedings before the jury are held to constitute reversible error, as they suggest to them, or authorize them to infer, that liability insurance is carried, and appellant would probably not be required to pay any judgment rendered against him. The statement of appellee's counsel that it was to prejudice the jury accentuates this error, and, when the court permitted the testimony and this statement to be considered by the jury, in our opinion, reversible error was committed, and especially so inasmuch as the testimony upon which appellee relied to establish a cause of action was very sharply controverted.

"The question in this case of liability vel non, under the facts, was a closely contested issue; and it seems to us that the asking of this question, under the circumstances, was highly prejudicial to the rights of appellant, and may have, and likely did, influence the jury in returning their verdict." Levinski v. Cooper et al. (Tex. Civ. App.) 142 S. W. 959.

"It has been repeatedly held to be error for the parties to ask any questions or make any statement within the hearing of the jury from which the jurors would infer, or which

would suggest to them, that the defendant in such case carried liability insurance, or that an insurance company and not the defendant, would have to pay any judgment the injured person might recover against the defendant." Lange v. Lawrence (Tex. Civ. App.) 259 S. W. 261.

The same principle is announced in Water, Light & Ice Co. of Weatherford v. Barnett (Tex. Civ. App.) 212 S. W. 236; Lone Star Gas Co. v. Coates (Tex. Civ. App.) 241 S. W. 1111; Acola et al. v. Magnolia Petroleum Co. (Tex. Civ. App.) 261 S. W. 384; Fakes & Co. v. Ft. Worth Gas Co. (Tex. Civ. App.) 280 S. W. 234.

Inasmuch as under our view of the case the judgment of the trial court must be reversed for the error discussed above, and in view of the fact that on another trial additional testimony will in all probability be offered, we shall refrain from discussing appellant's assignments of error which challenge the sufficiency of the testimony to support the findings of the jury and the judgment of the court rendered thereon.

The judgment is reversed, and the cause remanded.