### GOSE v. WICHITA COUNTY et al.
#### (No. 3196.)

Court of Civil Appeals of Texas. Amarillo.
March 13, 1929.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellant.

Harris & Martin, Wayne Somerville, E. W. Napier, and Thelbert Martin, all of Wichita Falls, for appellees.

JACKSON, J. This suit was instituted in the county court of Wichita county, Tex., by Wichita county and the city of Wichita Falls, plaintiffs, both municipal corporations, against S. M. Gose and Tom Ballard, defendants.

The plaintiffs allege that they are the joint owners of the Wichita General Hospital, and that about December 13, 1926, S. M. Gose contracted with said Wichita General Hospital to furnish Tom Ballard a room, board, the operating room, medicines, and a special nurse, and agreed to pay the usual and customary price for such accommodations and service; that the hospital furnished Tom Ballard with room, board, the operating room, medicines, and a special nurse at the usual, customary, and ordinary prices therefor, all of which, as itemized, aggregates the sum of $449.45; that there has been paid on said account $83.50, leaving a balance due of $365.95; that said Tom Ballard used and occupied such room, accepted board, medicines, service, etc., furnished by the hospital, at the special instance and request of S. M. Gose, and that the defendants are jointly and severally obligated to pay said sum; that said account is past due, and the defendants have failed, and still fail and refuse, to pay the same, to plaintiffs' damage in the sum of $400.

The defendant S. M. Gose answered by general demurrer and general denial. He also alleged that he, as a friend, sent Tom Ballard to said hospital, and requested it to perform what services were necessary for his immediate attention, but in no way authorized the hospital to charge the accommodation and services rendered by the hospital to Tom Ballard to himself, S. M. Gose; that all of the services, attention, and expense alleged in the plaintiffs' petition were given to and furnished to the defendant Tom Ballard, and not to this defendant, and that the defendant Tom Ballard is primarily liable therefor, but, in the event this defendant is liable, such liability is secondary to the liability of his co-defendant, Tom Ballard, and that, if plaintiffs recover judgment against this defendant, he is entitled to have judgment over against his codefendant, Tom Ballard, for such sum, because his codefendant received the benefits of all of the acts, services, and accommodations alleged by plaintiffs in their petition.

The defendant Tom Ballard, in answer to the cross-action of his codefendant S. M. Gose, filed a general demurrer and a general denial, but made no answer to plaintiffs' petition.

At the conclusion of the testimony, the court peremptorily directed the jury to render a verdict in favor of the plaintiffs against S. M. Gose in the sum of $365.95, with interest from January 1, 1928, at the rate of 6 per cent. per annum, and to render a verdict in favor of the defendant Tom Ballard against the plaintiffs and the defendant S. M. Gose. Upon the verdict rendered in obedience to

these instructions, the court entered judgment in favor of the plaintiffs against the defendant S. M. Gose in the sum of $365.95, with interest, etc., and in favor of Tom Ballard against the plaintiffs and also in favor of Tom Ballard against his codefendant, S. M. Gose.

From this judgment, S. M. Gose, hereinafter called appellant, as plaintiff in error, prosecutes this appeal.

The appellant urges as error the action of the trial court in peremptorily directing a judgment against him on his cross-action, because the evidence is undisputed that all the services and accommodations furnished by the hospital were for the sole benefit of Tom Ballard and were accepted by him.

The testimony shows: That on December 13, 1926, appellant, while driving his automobile along the streets of Wichita Falls, struck and injured his codefendant, Tom Ballard. That the appellant instructed an ambulance driver to take Ballard to the Wichita General Hospital for attention and treatment. That Ballard was carried to said hospital and received and accepted the treatment and services of the hospital to the extent and value alleged by plaintiff. That appellant went to the hospital, inquired for Mr. Ballard, stating that he was the man who had struck Mr. Ballard with his automobile, saw the doctor, and told him to take care of Ballard. That Ballard was unconscious when taken to the hospital, but on the second or third day after he was there, the appellant saw him in the hospital, and advised him to get anything he wanted or that was necessary, and appellant would pay the bills. That the account was opened in the name of Tom Ballard because it is customary to open the accounts of the hospital in the name of the patient. That the hospital requires the accounts to be so opened. That in industrial accident insurance cases the account is opened in the name of the patient, notwithstanding the insurance company is paying the bill. That the bill for the first week was left in Mr. Ballard's room. That the appellant paid the bill for the first two weeks that Mr. Ballard was at the hospital, and told the auditor to send all other bills to him as long as Mr. Ballard was there, and he (appellant) would forward a check each week. Thereafter the bills were each week forwarded to the office of the appellant, but none of them were paid, except for the first two weeks. That Mr. Ballard had never been presented with any bill by the hospital. That some time after Mr. Ballard was out of the hospital he instituted suit for damages against Mr. Gose, the appellant herein, alleging that his injuries were caused by appellant's negligence, and claimed that he had incurred a hospital bill on account of said injuries, and sought to recover therefor, in addition to his damages. That Mr. Gose answered the suit for damages, denying his negligence, and charging that Ballard was guilty of contributory negligence, which was the proximate cause of his injuries. That case was tried in the district court of Wichita county, and a judgment rendered in favor of Mr. Ballard for the sum of $5,200, but, on appeal to this court [12 S.W.(2d) 1067], the judgment in favor of Mr. Ballard was reversed, of which this court takes judicial notice. However, if the judgment were still in effect, it would disclose a finding of the jury that Mr. Gose was guilty of negligence, which resulted in the injuries to Tom Ballard, and that no issue as to the hospital bill was submitted to the jury.

After Tom Ballard was injured in the automobile accident on December 13, 1926, whether by his negligence or that of appellant, the appellant would have violated article 1150 of the Penal Code of the state of Texas, had he failed to render all necessary assistance to Ballard, including sending him to the hospital. Hence the fact that he directed the ambulance driver to take Mr. Ballard to the hospital for attention and treatment is not a circumstance to be considered as tending to establish his liability for the hospital bill; and ordinarily Mr. Ballard, by accepting the services of the hospital, would have been bound in law by an implied contract, to pay for such services. In this case the appellant did not plead the statute of fraud as a defense, and, if he had, the uncontroverted testimony shows that he promised, not that he would see that the bill was paid or guarantee its payment, but that he himself promised and agreed to pay the bill each week so long as Mr. Ballard remained in the hospital.

We think, under the evidence, the court correctly directed a verdict in favor of the plaintiffs against Mr. Gose for the hospital bill. In fact, no complaint is made by appellant of such action by the court.

Except for the finding of the jury in the trial of the damage suit of Ballard v. Gose, heretofore referred to and which verdict was set aside by this court, there was no testimony offered in the trial of the instant case that the appellant was guilty of negligence which was the proximate cause of Ballard's injuries, and we conclude that the question of whether or not Ballard was injured by his own negligence or the negligence of appellant is eliminated, and therefore the appellant would be entitled to have the court submit to the jury the issue of Tom Ballard's implied obligation to appellant on his cross-action, unless Ballard accepted the services rendered by the hospital with the understanding and agreement that appellant was paying therefor.

The appellant contends that the only testimony showing an agreement by the appellant with Mr. Ballard to pay the bills was the evidence of Mr. Ballard, who was an interested witness, and hence not sufficient to authorize the court to direct a verdict against the ap-

pellant on his cross-action. Mr. Ballard testified that, on the second or third day after he was taken to the hospital, Mr. Gose told him that he would pay all bills; that Mr. Gose and his son came to the hospital and advised Ballard to get a special nurse, if necessary, in fact, not to hesitate about anything he wanted or was necessary, as Mr. Gose would pay the bills. It is a significant fact that neither Mr. Gose nor his son denied this testimony. There is no testimony in the record that casts any doubt on the truthfulness of the evidence of Mr. Ballard.

In addition to this, we think this evidence is corroborated by the fact that thereafter the appellant advised the auditor of the hospital to send the bills to him and he would send the hospital a check each week, and by the fact that he paid the bill for two weeks and the hospital continued to send him the bills therefor and presented none of them to appellant.

A debt incurred by one person on account of another, where not made at the other's request, will not create, as against the other, an obligation in favor of the person creating the debt. Mings v. Griggsby Const. Co. (Tex. Civ. App.) 106 S. W. 192. Not only is there no testimony tending to show that the appellant created the hospital obligation at the request of Tom Ballard, but the evidence all discloses that he voluntarily promised to pay the obligation.

The judgment is affirmed.