COMMUNITY NATURAL GAS CO. v. RAVELL.

No. 10020.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1942.

Rehearing Denied March 24, 1942.

J. Hart Willis, E. H. Selecman, and Adair Rembert, all of Dallas, Tex., for appellant.

L. W. Shepperd and Scott Reed, both of Groesbeck, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by Ruth Ravell to recover damages for personal injuries alleged to have been caused by leaking gas and an explosion in the pipe line of appellant. It was tried to a jury and resulted in a verdict for $10,000, upon which judgment was entered. Error is assigned to the refusal of the trial court to direct a verdict. The record discloses the following:

Plaintiff is an unmarried woman, 43 years of age, engaged in selling insurance. She lives in Groesbeck, Texas, which town is supplied with natural gas by appellant. She is one of its customers. Early in the fall of 1939 a strong odor of gas was present in plaintiff's home and defendant was requested to locate the source. There were several attempts to do so but all failed. There was a leak in appellant's pipe line in close proximity to plaintiff's home. On February 10, 1940, another inspection was made by agents of appellant, in the course of which a lighted match was thrown into a water meter box and caused an explosion. At that time plaintiff was in bed, ill with a throat infection and a touch of influenza. She suffered a shock from the explosion and a few days thereafter she was taken to a hospital in a delirious condition. She remained in various hospitals for several months. So far the evidence is practically uncontradicted.

There was evidence to show there was no leak of gas in plaintiff's home but the gas leaking from pipe lines permeated the atmosphere and entered the home. There was evidence to the contrary. The medical evidence as to plaintiff's condition and its cause was at variance. There was evidence tending to show that physicians ascribed plaintiff's mental collapse to the explosion and worry as to the presence of gas which caused a psychosis. There was evidence tending to show that the gas was not toxic and had no effect on the nervous tissues and that the only dangerous consequences to be expected were asphyxiation or explosion and that at no time was there present enough gas in volume in the house to cause either of these results. An alienist testified for defendant that gas could not cause a psychosis, from which plaintiff suffered, as it was a disease of the mind.

Appellant contends that it was without negligence and could not foresee, in the exercise of ordinary care, that the leak from its pipe line and subsequent explosion could have caused any injuries to plaintiff. Appellant further contends that if it was negligence, such negligence was not the proximate cause of any injuries sustained by plaintiff.

The case was submitted to the jury on conflicting evidence, which it was the duty of the jury to resolve. It was for the jury to decide what was the proximate cause of the injuries or, if the leak in the pipe line and the explosion were not the proximate cause, whether they were a contributing cause of plaintiff's injuries. Conceding that the case presents a close question of fact, it can not be said that the evidence so preponderated in favor of appellant as to require the general affirmative charge as a matter of law. That the result of the gas leaking and the explosion could not be foreseen would not prevent recovery. We consider the decision was properly left to the jury. The following Texas cases, which are in line with the general jurisprudence, support that conclusion. McAfee v. Travis Gas Corp., Tex.Sup., 153 S.W.2d 442; Fakes & Co. v. Ft. Worth Gas Co., Tex.Civ.App., 280 S.W. 234; Ft. Worth Gas Co. v. Cooper, Tex.Civ.App., 241 S.W. 282; Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S.W. 390; Missouri-Kansas-Texas R. Co. v. McLain, Tex.Civ.App., 74 S.W.2d 166; Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695.

The court fully and fairly charged the jury as to the law of the case and denied

a request for special charges presented by appellant. Appellant excepted to part of the general charge and to the overruling of the request for special charges. All these exceptions run to the refusal of the court to direct a verdict.

Reversible error not appearing the judgment is affirmed.