## LYTLE v. McALPIN.

### No. 12165.

Court of Civil Appeals of Texas. San Antonio.

Nov. 15, 1950.

Rehearing Denied Dec. 13, 1950.

Alfred M. Scott, Austin, (on appeal only), and Palmer & Lemons, San Antonio, for appellant.

Kleberg, Mobley, Lockett & Weil and Edmond J. Ford, Jr., all of Corpus Christi, for appellee.

NORVELL, Justice.

Upon the former appeal of this case, reported in Tex.Civ.App., 220 S.W.2d 216, this Court reversed the judgment of the trial court which awarded McAlpin a judgment of $524.52 against J. W. Lytle. The nature of the case is fully set out in the former opinion. McAlpin's theory of recovery was that Lytle had secured the services of one E. M. Carey in remodeling his residence and had authorized Carey to employ McAlpin to do certain work in connection therewith.

We held that under the evidence it could not be reasonably inferred "that Carey became the agent of Lytle and Lytle became directly responsible to McAlpin who furnished labor and materials for the job at the instance of Carey."

Upon remand of the case McAlpin filed an amended petition in which it was alleged that if Carey had no real authority as agent of Lytle to pledge Lytle's credit to McAlpin, then that Lytle, after learning that McAlpin was performing his subcontract in reliance upon Lytle's credit, had ratified Carey's acts in so pledging Lytle's credit to McAlpin. McAlpin further alleged that if neither the agency theory nor the ratification theory would stand up, then he was entitled to recovery on the theory of quantum meruit.

Judgment was again rendered for McAlpin and Lytle has appealed.

After reading the statement of facts, we have come to the conclusion that, as a matter of law, there is no evidence supporting the alternative theories of recovery set forth in McAlpin's amended petition. The same is true of the theory of actual agency, discussed in our former opinion. In view of the fact that we have heretofore written at length in this case, further discussion is deemed unnecessary. The present record is similar to that presented upon the former appeal. We believe the present judgment, as a matter of law, lacks support in the evidence and for that reason the same is reversed and judgment here rendered that McAlpin take nothing against Lytle.

POPE, J., did not participate in the disposition of this cause.