**PORTER et ux. v. MAROTTA.**

No. 12674.

Court of Civil Appeals of Texas.

San Antonio.

March 24, 1954.

Rehearing Denied April 28, 1954.

Maxwell Burket, San Antonio, for appellants.

Walter Tynan, San Antonio, for appellee.

POPE, Justice.

Appellee, Joe Marotta, d/b/a Marotta Lumber Company, sued and recovered judgment for $592.67 against Mr. and Mrs. Jean W. Porter, for lumber and materials used in certain construction work on their house. The petition was in the nature of a sworn account which the appellants denied under oath. This is not a suit in quantum meruit. The question in the case is whether the materials were furnished to Alejandro Quinones, the contractor, or whether they were furnished the appellants as owners of the premises.

The evidence shows that the owners, the contractor and the materialman, originally contemplated written contracts and an F. H. A. loan, but during the trial it was agreed that no written contract between the parties existed, and any rights between them must depend upon their conduct and oral agreements. The occasion of the lawsuit was that Quinones, the contractor, performed in a highly unsatisfactory manner and abandoned the job when it was in an unfinished condition. The construction was completed by another contractor who used some of the material already furnished by Marotta Lumber Company. Admittedly the materials furnished by the appellee were used in the construction work.

The materialman's burden of proof was not that his materials were used in the construction, but that there was an agreement with the owners to furnish the materials to the owners rather than to the contractor. 9 Am.Jur., Building & Construction Contracts, § 29; 17 C.J.S., Con-

tracts, § 520. To meet this burden, he undertook to prove that the contractor was the owners' agent rather than an independent contractor. Since the trial court gave judgment against the owners and in favor of the materialman, and since there are no findings and conclusions, we must view the evidence in the light most favorable to the judgment. Silver v. Neon Sign & Service, Tex.Civ.App., 248 S.W.2d 211; Miller v. Leary, Tex.Civ.App., 245 S.W.2d 980; Williams v. Ritcheson, Tex.Civ.App., 212 S.W.2d 813.

■ There is no contention that there was an agreement made directly between the owners and the materialman, for the owners never saw or knew the materialman until after the contractor had walked off the job. The owners at no time personally ordered any materials. No inference can be drawn from the fact that the materials were used in the construction, for that inference is just as consistent with a theory that the materials were furnished to the contractor as it is that they were furnished to the owners. For the materialman to recover against the owners, he must demonstrate that the contractor was an agent acting on behalf of the owners. The proof touching on the issue is wanting. The invoices show that the materials were all billed to Jean W. Porter, one of the owners, "by Alejandro Quinones." However, there is nothing to show that the invoices were ever delivered to or, examined by Porter prior to the trial, or that he knew they were made out in his name. A debt incurred by Quinones on account of the owners did not create an obligation against the owners, when it was not made at the request of the owners. Gose v. Wichita County, Tex.Civ.App., 15 S.W.2d 148. The fact that the contractor procured certain blank forms from the materialman and certain information from the owners and then aided them in filling in the blanks so they could obtain an F. H. A. loan, no more proves that Quinones was doing this as the owners' agent than it does that he was doing it on his own behalf to make certain he would be paid, or that he was doing it on behalf of the materialman. As a matter of fact, the forms showed that the materialman was designated as the contractor in the forms. Certainly, if Quinones was the agent-contractor for the owners, his filling in forms that another was the contractor would tend to show that he was not acting in the owners' behalf. But we consider all those written negotiations as meaningless, since they came to naught and were abandoned by all parties.

■ The chief difference between the status of an independent contractor and an agent is the measure of control. We have examined the entire statement of facts and find it silent with reference to the presence of control by the owners over Quinones, in his construction work. The closest to anything pertaining to directions by the owners was the statement by Quinones that the owner had him do some work that was "in addition to the original contract." The performance of extra work does not mean that the owner has assumed control. That Quinones was the owners' agent who could bind the owners for a purchase of materials was a part of the plaintiff's burden of proof. We find no evidence, direct or circumstantial, bearing upon control, or showing that the owners granted authority such as would prove that Quinones was the owners' agent. Carruth v. Valley Ready-Mix Cement Co., Tex.Civ.App., 221 S.W.2d 584; Lytle v. McAlpin, Tex.Civ.App., 220 S.W.2d 216; Id., Tex.Civ.App., 238 S.W.2d 217. However, the greater part of the trial was given to an elimination of collateral issues. This central point of agency emerged as the result of that process, and since it was not fully developed in the trial, we think that the ends of justice would be better served if the case is reversed and remanded.

The judgment is reversed and the cause remanded.