Opinion delivered April 10, 1889.

---

No. 6268.

JOHN O'BRIEN *v.* THE STATE.

BURGLARY TO COMMIT THEFT.—INDICTMENT for burglary charged that the house was entered with the intent to commit theft, but fails to charge that the entry was made with the fraudulent intent to take the property from the possession of the owner; and the allegation of theft fails to charge that the property was taken from the *possession* of the owner.   *Held* insufficient to charge the offense.

APPEAL from the District Court of Dallas. Tried below before the Hon. R. E. Burke.

The conviction was for burglary, and the penalty assessed was a term of three years in the penitentiary.

The sufficiency of the indictment is the only question determined on the appeal.

No brief on file for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for burglary. The entry into the house is alleged to have been made with intent to commit theft.

The indictment fails to allege that the appellant entered the house with the fraudulent intent to take the property from the possession of the owner, etc., and that part of the indictment charging the theft fails to allege that the property was taken from the *possession* of the owner.

Theft, as are all other offenses in this State, is a crime by statute, and the rules of pleading applicable to such offenses must prevail. The language of the statute must be followed, or language of equal or greater import must be used.

Now, there is no term used in the indictment which is sufficient to convey the same meaning as that used in the statute. The property may have been taken from the owners, and yet not taken from his possession.

We are of the opinion that the indictment is not sufficient. The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*