DOLPH CULPEPPER V. THE STATE.

No. 12505. Delivered April 24, 1929.

The opinion states the case.

*Marshall & Perkins* of Quanah, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Under uniform authorities in this State, from the enactment of our Code, it has been held that to sufficiently charge burglary with intent to commit any named felony, all the statutory ingredients of such felony must be alleged in the indictment. Appellant being charged here with burglary with intent to commit theft, it was incumbent upon the State to allege in the indictment that he intended to take the property in the alleged burglarized house "without the consent of" the owner. Toder v. State, 269. S. W. Rep. 1043. Also the indictment should have alleged that appellant intended to take such property "from the possession of" such owner. Robinson v. State, 160 S. W. Rep. 456. The cases cited are based on others therein referred to and these on still others further back. The indictment herein containing neither allegation mentioned as necessary, was fatally defective, and the motion to quash should have been sustained.

For the error mentioned, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

HAWKINS, J., absent.