## LONNIE WILLIAMS V. STATE

No. 27,872. December 7, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 18, 1956

*Hart T. Holland,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Tom Thorpe* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to murder; the punishment, ten years.

Willis, the injured party, testified that on the evening prior to the day charged in the indictment, his wife and the appellant's wife had gotten into a fight at a beer parlor in which his wife had received a stab wound, that he had intervened and hit the appellant's wife in the head with his closed knife in order to prevent her from inflicting further injuries upon his wife. Willis stated that in the afternoon of the day following the appellant passed his (Willis') home, spoke to his brother-in-law, who was standing on the porch with him, went into the house next door, remained a short while, and then walked past his house again. Willis stated that, without any warning, the appellant turned abruptly and shot three times, hitting him twice and his brother-in-law once.

Thomas, Willis' brother-in-law, corroborated Willis' testimony.

The appellant's wife testified that Willis' wife had been the aggressor in the difficulty of the night before and that Willis had intervened and cut her with an open knife.

It appears that both women were in the hospital at the time of the shooting.

Appellant, testifying in his own behalf, stated that he had not been at the tavern at the time of the fight and did not get to see his wife at the hospital until the next afternoon, at which time she informed him of Willis' assault upon her. He stated that he left the hospital, went home and armed himself with his pistol, and then proceeded toward Willis' home. He stated that no one was on the porch when he passed Willis' home the first time and that as he came by the second time he spoke to Willis and asked him why he had cut his wife, that Willis said, "What the hell you mean, what happened," and made a gesture toward his pocket, and that he shot at Willis in self-defense.

The appellant admitted that he did not return to his own home after the shooting and that he was not arrested until some three weeks thereafter.

Th jury resolved this disputed issue of self-defnse against the appellant, and we find the evidence sufficient to support their verdict.

We shall now discuss the questions raised in the appellant's brief.

Appellant filed a motion to quash the indictment, alleging that it failed to allege an offense. We find that the indictment follows Form 509, Willson's Criminal Forms, and Section 1615, page 945, Branch's Ann. P. C. It is not necessary to allege the means used in charging assault with intent to murder. Mathis v. State, 39 Tex. Cr. Rep. 549, 47 S. W. 464.

Appellant next complains that the court failed to charge that he had a right to arm himself and seek out the injured party in order to secure an explanation of the injuries inflicted upon his wife. This court has held that where a full and unrestricted charge on self-defense is given, no necessity exists for the giving of a charge on the appellant's right to arm himself. Green v. State, 155 Tex. Cr. Rep. 441, 236 S. W. 2d 139, Harris v. State, 158 Tex. Cr. Rep. 87, 253 S. W. 2d 44, and Branch's Ann. P. C., Art. 1109, Sec. 1950, p. 1091.

Finding no reversible error, the judgment of the trial court is affirmed.