EDWARD ROBERTS V. STATE

No. 32,090. June 22, 1960

Motion Overruled October 19, 1960.

*Jones, Herring & Jones,* by *Perry L. Jones,* Austin for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment returned against appellant alleged that he with malice aforethought assaulted Jewel Johnson with intent to murder her.

Aggravated assault, as well as assault with intent to murder with and without malice, was submitted in the court's charge, and the jury found appellant guilty of aggravated assault and assessed his punishment at one year imprisonment and $1,000.00 fine.

The appeal is from the judgment entered upon the jury's verdict.

The evidence shows that appellant placed a pistol against the complaining witness and it was discharged causing injury to her person. Appellant contended that the shot was unintentionally fired, but the jury found against his defense of accident.

Two grounds for reversal are advanced, both of which relate to the name of the injured party.

The indictment alleged that the assault was made upon Jewel Johnson. The complaining witness testified that her name was Jewel Johnson, but on cross-examination testified that this was her maiden name. She further testified that she married a man

named Yarve Kotto, and her name was Jewel Kotto; that she was separated from her husband but not divorced, and that she had "gone back to using the name Jewel Johnson * * * ."

Also the complaining witness, after agreeing with appellant's counsel that her name was Jewel Kotto, testified on re-direct examination: "Q.   Jewel, are you also known as Jewel Johnson? A.   Yes sir, that's my maiden name.

"Q.   You gave that name to the police and everyone that night, Jewel Johnson?   A.   Yes sir.

"Q.   People call you that, is that correct?   A.   That's right, even to all my new girl friends, it's Johnson."

Art. 401 V.A.C.C.P., relating to allegation of names in an indictment, provides "When a person is known by two or more names, it shall be sufficient to state either name."

We are aware of no authority which supports appellant's contention that the testimony of the prosecuting witness is not sufficient to establish that she is known by the name alleged in the indictment.

The police records introduced by appellant identified the prosecuting witness by number as well as by name and contain entries under both names, the most recent showing her name as Jewel Johnson.

The second contention is that the trial judge erred in refusing appellant's request that the court charge the jury "in regard to whether or not the complaining witness' name was Jewel Kotto or Jewel Johnson, and whether or not the complaining witness was generally known by one name or the other."

The record contains no objection to the court's charge and no requested charge in writing, as required by statute in order to complain of error in the charge. Arts. 658-659 V.A.C.C.P.

We observe, however, that all of the evidence shows that the complaining witness' married name was Jewel Kotto, and her maiden name was Jewel Johnson and that she was known by both names.

The judgment is affirmed.