Dionicio RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 36157.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Jan. 29, 1964.

Theo. Pat Henley, San Antonio (on appeal), for appellant.

James E. Barlow, Dist. Atty., Phil Chavarria, Jr., Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is Murder with Malice; the punishment; confinement in the state penitentiary for 20 years.

The evidence shows that on the evening of August 18, 1962, appellant, in company with Victor Palomo, Ascencion Govea and the deceased, Daniel Canales, had been drinking beer in several bars including Castro's Bar and the Slave Inn. The above parties left the Slave Inn around closing time in Victor Palomo's car. From the Slave Inn the parties went to the deceased's home and parked in front of the house where deceased refused to get off the car. He was riding on top of the car. The parties remained in front of the deceased's house drinking for about 20 minutes. From there they proceeded to Victor Palomo's house located at 9515 Plymouth Road in Bexar County, Texas. At Palomo's they sat on the ground drinking beer in the back yard.

Victor Palomo, a witness called by the state, testified that he saw no trouble between deceased, Canales, and appellant prior to the shooting. Dr. Hausman, medical examiner for Bexar County, testified that in his opinion, having done a complete autopsy on the deceased, the death was a direct result of the shooting.

Appellant readily admitted shooting the deceased, but stated that he was in fear of his life in that deceased had threatened to "get" his (appellant's) brothers and was walking toward him (appellant) in a menacing manner when the shooting took place. However, the confession given by appellant and admitted into evidence reflected, " * * I just walked to where Canales (deceased) was sitting down drinking beer, and I stood in front of him and shot him once."

Appellant contends that if he is guilty of any offense, the jury should have found him guilty of Murder without Malice. The jury was charged as to both murder with and without malice and found him guilty of Murder with Malice. The record contains no objection to the court's charge and no requested charge in writing; thus, complaint of error in the court's charge cannot be made. Articles 658, 659, Vernon's Ann.C.C.P., Roberts v. State, 170 Tex.Cr.R. 146, 338 S.W.2d 718; Brown v. State, 153 Tex.Cr.R. 1, 216 S.W.2d 226.

Contrary to appellant's contention, we find the evidence sufficient to support the jury's verdict.

No reversible error appearing, the judgment is affirmed.