Andrew JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37172.

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

Rehearing Denied Dec. 16, 1964.

Mac L. Bennett, Jr., W. T. Bennett, Huntsville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for assault with intent to murder, and his punishment was assessed at two years.

The testimony of the state reveals that Freddie Short, the injured party, went to the house of Salome Mosley around 12:30 or 1 A.M. to get his young son who was asleep in a small house about 36 feet from Salome's house. Short parked his car, with the lights shining on the small house. While Short was trying to open the door, appellant arrived and parked his car behind Short's, jumped out, and with a shotgun held down at his side ran between the two houses. When someone in the large house screamed "Gooch, don't shoot that man," Short turned, facing appellant, who said, "I knowed I'd catch you", and Short threw up both hands and said "Don't shoot me, Gooch. Don't shoot me, please. I ain't done nothing to you." Then appellant, standing about midway between the two houses, raised the shotgun to his right shoulder and fired. After Short ran behind the small house and removed some splinters from his face, he saw the appellant get in his car and leave. Short ran to his car to go to the hospital and when he got to his car he turned his lights off, and then saw the appellant turn and start back. Then Short ran into some

bushes and hid. When appellant got back to Short's automobile he jumped out of his own car and asked: "Who pushed out these G—— d—— lights?", saying also, "Salome, you're trying to help him * *. If you stick you— G—— d—— head out that door I'll blow your G—— d—— head off, because I'm going to kill him, G—— d—— it, if it's the last thing I do." The evidence shows that shotgun pellets damaged the screen door and the wooden door. At this time appellant's mother arrived and they left the scene. Short went to the hospital and the doctor removed some splinters and wire from his face.

The appellant did not testify but called several witnesses who testified that he bore a good reputation.

The sheriff, also called as a witness by the appellant, identified a written statement which appellant made to him shortly after the shooting.

The statement, introduced in evidence by appellant, recites, in part, that he (appellant) had been going with Salome Mosley eighteen years; that he had heard Short was trying to go with her; that he followed him to her house; that he took with him a 12-gauge shotgun, with No. 4 shot, with which, in order to scare him, he shot at the door where the appellant was standing. He further testified that he had been giving Salome money and was terribly in debt.

The arresting officer, Darby, testified on cross-examination that appellant told him he just shot to scare Short.

It is contended that the trial court erred in failing to quash the indictment on the grounds that it was so general, vague, and indefinite that it did not apprise the appellant of sufficient facts to enable him to intelligently defend against it; and that, having alleged that the appellant did *"shoot at* Freddie Short with a shotgun," (Emphasis added) it was necessary to further plead the means by which he thereby intended to commit the offense

The indictment alleged that the appellant " * * * did then and there unlawfully with malice aforethought *shoot at* Freddie Short with a shotgun with the intent then and there to murder the said Freddie Short."

An indictment for an assault with intent to murder need not allege the means used nor the manner of such use. Clark v. State, 162 Tex.Cir.R. 493, 286 S.W.2d 939; Thom v. State, 167 Tex.Cr. R. 258, 319 S.W.2d 313. The words "shoot at" did not vitiate the indictment, but placed upon the state the burden of proving them. 1 Branch (2nd), 497; Sec. 518. These averments were met with the proper proof.

The refusal to grant the motion to quash the indictment as above contended was not error.

It is further contended that the trial court erred in refusing to grant his motion to quash the indictment on the ground that the name of the injured party was Freddie Shaw instead of "Freddie Short", as alleged.

The injured party testified that since his mother told him when he was about twelve years old that his name was Short and not Shaw, he had used Short as his real name, although at times he had used the name Shaw. The written statement made by the appellant to the sheriff on the day of the shooting, and introduced in evidence by the appellant refers twice to the injured party as Freddie Short, and made no reference to him as Freddie Shaw. Other testimony for and against the motion was offered.

It is concluded that the proof sufficiently shows that the injured party was Freddie Short, as alleged. Art. 401, Vernon's Ann. C.C.P.; Roberts v. State, 170 Tex.Cr.R. 146, 338 S.W.2d 718.

Error is urged on the ground that the trial court refused to admit the testimony of Edith Goodin that appellant

over the years had hunted squirrels and rabbits and was a good shot with a shotgun. Appellant stated that he offered this testimony to show "that a man who could hit a squirrel in a tree could sure hit a man if he wanted to."

In view of the testimony of the witness Goodin before the jury on appellant's ability to shoot, to-wit: "Yes sir, he was a good shot", the above contention presents no error.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

McDONALD, J., not participating.