Charlie Daniel BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 39283.

Court of Criminal Appeals of Texas.

May 11, 1966.

Rehearing Denied June 22, 1966.

**412**

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION FOR RE-HEARING

MORRISON, Judge.

Our prior opinion is withdrawn and the following substituted in lieu thereof.

The offense is the sale of vodka in a dry area; the punishment, one year in jail and a fine of $500.00.

The State's case was made by a non-resident undercover agent, who alone testified to the illegal sale, and who, by reason of the fact that the jury knew nothing of his background, might easily have been disbelieved. In order to bolster his testimony, the State was permitted, over objection, to call two known Liquor Control Board Officers, one a resident of the county where this prosecution was pending, and another from the District Headquarters, whom the jury might reasonably believe and who testified that one week after the alleged sale they identified appellant to the undercover agent.

This extra judicial identification is the type of bolstering which this Court has recently held to be improper in Lyons v.

State, Tex.Cr.App., 388 S.W.2d 950, and the cases there cited.

For the error pointed out, the judgment of affirmance is set aside; appellant's motion for rehearing is granted; the judgment is now reversed and the cause is remanded.