Joe Lloyd ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48979.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Alfred Thomas, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and John Pizzitola, Asst. Dist. Attys., Houston, and Jim D. Vollers, State Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for the offense of rape and sentenced to twenty-five years' imprisonment. He appeals, asserting that the State should not have been allowed to bolster the testimony of the prosecutrix, and that the trial judge erred in not granting a mistrial or allowing appellant to make a bill of exception when appellant's trial counsel alleged that two jury members had seen appellant in handcuffs being transported to the courtroom.

The prosecutrix, seventeen years old at the trial and fifteen at the time of the rape, testified she was pulled into a car by four men she had never before seen, driven be-hind a church, and raped and made to commit oral sodomy with each of them. Appellant was indicted as one of four men accused of the offense and each was granted separate trial. The prosecutrix testified that she could positively identify the defendant as one of the four involved. Her testimony was unshaken on cross-examination.

Appellant called Mrs. Paula Fisher, the court reporter at appellant's habeas corpus hearing on March 28, 1972, who read excerpts from prosecutrix's testimony there. At that hearing, the prosecutrix had said she was "not sure" she could identify the appellant as one of the four who had raped her.

The State in rebuttal called Officer Zeringue of the Houston Police Department, who said that upon appellant's arrest the officer had a picture taken of appellant and showed the picture with five others of men of similar physical types to prosecutrix on December 21, 1971. She had then positively stated that the picture of appellant was a picture of one of the four men who had raped her.

When the officer was asked whether prosecutrix had identified any of the six pictures, appellant's counsel objected in very general terms, then that "[t]his did not take place in the presence of the Defendant, and it is hearsay testimony," and to "the answer given and to the question and ask for a mistrial at this time," all of which were overruled. When Officer Zeringue was asked whether the prosecutrix's statement was included in his report, counsel then objected to "the State attempting to bolster his own witness through some statement that might have been made in offense report." There was no objection made to the officer's recounting of the prosecutrix identifying the picture as bolstering.

Appellant contends, relying upon Lyons v. State, 388 S.W.2d 950 (Tex.Cr.

App.1965), that the State cannot be allowed to have other witnesses bolster the unimpeached testimony of a complaining witness identifying the defendant as her assailant. Jackson v. State, 507 S.W.2d 231 (Tex.Cr.App.1974). The State may not bolster simply because an unimpeached witness may be disbelieved. Brown v. State, 403 S.W.2d 411 (Tex.Cr.App.1966). A witness may not be bolstered in his identification merely because the defendant testifies to an alibi. Lyons v. State, supra. Attempted impeachment by a vigorous cross-examination is similarly insufficient to allow bolstering where the witness' testimony is unwavering. Acker v. State, 421 S.W. 2d 398 (Tex.Cr.App.1967). A witness must be placed in the position of having testified differently from that that she had previously stated. Acker v. State, supra.

■ In the case at bar, despite the probable inadequacy of appellant's objection to bringing the asserted error to the attention of the trial court, Montemayor v. State, 456 S.W.2d 126 (Tex.Cr.App.1970), the bolstering of prosecutrix's testimony with Officer Zeringue's testimony is certainly justified by appellant's impeachment of her positive identification of him. Prosecutrix was placed in the position of having testified differently at the habeas corpus hearing than at trial. The State was entitled to rehabilitate her testimony. Gill v. State, 479 S.W.2d 289 (Tex.Cr.App. 1972).

The ground of error is overruled.

■ Appellant claims that the trial judge committed reversible error by refusing to grant his motion for a mistrial or to allow him, at that time, to present testimony for a bill of exception. After the evidence was closed and just prior to the submission of the charge to the jury the appellant's counsel in an oral motion alleged that two members of the jury had on the previous day, after the jury had been impanelled, observed the appellant in handcuffs. He then moved for a mistrial. Counsel requested permission to call the jurors to testify to support the allegations of his motion. The court refused to permit him to call the jurors at that time and overruled the motion for a mistrial. Counsel then requested permission to take the jurors' testimony for a bill of exception. The court refused to permit him to do so but suggested that such evidence could be offered on a motion for new trial if necessary; i. e., if appellant was not acquitted.

■ Appellant did not assert this as error in his motion for new trial or file any bills of exception. Counsel has chosen not to include in the record to what, if anything, the jurors would have testified regarding the incident. The motion for new trial, at the trial judge's suggestion, provided appellant with a means of making a record regarding his objection. He chose not to utilize it. The judge did not commit error in his attempt at economizing time while protecting appellant's rights. If appellant had been acquitted, there would have been no reason to take testimony or the court's time in doing so. The judge was simply waiting to see if an unnecessary act might be avoided. The ground of error was not reurged in the motion for new trial and appellant is deemed to have waived it. Cf. Davenport v. State, 482 S.W.2d 165 (Tex.Cr.App.1972).[1]

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

1. If the requested hearing had been held before the jury deliberated and the two jurors had not seen the appellant in handcuffs, questioning them about the matter would needlessly have brought to their attention that the appellant had been handcuffed.