Joe GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 49221.

Court of Criminal Appeals of Texas.

Jan. 15, 1975.

Melvyn Carson Bruder, Dallas (Court-Appointed), for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The offense is burglary; the punishment, assessed by the court, ten (10) years.

The sufficiency of the evidence is not questioned.

The record reflects that Mrs. James De Carlo closed and locked the family grocery store, Jimmy's Food Store, on January 23, 1974 at 8:00 P.M. Later that night elements of the Dallas police force arrived at Jimmy's Food Store in response to a silent burglar alarm. Officer Motley testified he saw the appellant standing at a counter getting cigarettes out of a rack which was behind the cash register. Minutes later, Officer Jackson arrested appellant in the attic of the store.

Appellant, in his first ground of error, contends that the indictment is fatally defective since it alleges a burglary "with intent to commit theft" without alleging the specific elements of the crime intended, to-wit, theft.

Since the offense was alleged to have been committed in January 1974, after the Penal Code of 1973 became effective on January 1, 1974, the applicable statute is V.T.C.A. Penal Code, Section 30.02, which reads in part as follows:

1. "§ 31.03. Theft
   "(a) A person commits an offense if, with intent to deprive the owner of property:
   "(1) he obtains the property unlawfully; or
   "(2) he exercises control over the property, other than real property, unlawfully.
   "(b) Obtaining or exercising control over property is unlawful if:

"§ 30.02 Burglary

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft, or

\* \* \* \* \* \*

"(b) For purposes of this section, 'enter' means to intrude:

"(1) any part of the body; or

"(2) any physical object connected with the body."

The essential elements of burglary *as applied to this case* are:

(1) a person

(2) without the effective consent of the owner

(3) enters a building not then open to the public

(4) with intent to commit theft.

The elements of theft are set forth in V.T.C.A., Penal Code § 31.03.[1]

The specific portion of the indictment complained of alleged that Joe Gonzales on or about January 23, 1974, in Dallas County

"did then and there unlawfully, then and there, with intent to commit theft, enter a building which was not open to the public, without the effective consent of Mrs. James De Carlo, the owner."

This indictment does sufficiently allege each of the necessary elements of the of-

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or
"(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen. . . ."

fense of burglary as defined in V.T.C.A., Penal Code, § 30.02, supra.

It is appellant's contention that to be valid "an indictment charging an offense denounced by Section 30.02(a)(1) must define—not merely refer to by name—the offense for which the burglary was perpetrated. Accordingly, an indictment such as the one in the case at bar which merely avers that the burglary was committed 'with the intent to commit theft' and does not set out the elements of theft is deficient."

Appellant relies on the holding of this Court in Mitchell v. State, 118 Tex.Cr.R. 77, 37 S.W.2d 1018, wherein the Court said:

"[1, 2] An unbroken line of authorities in this state lay down the rule that, when one is charged with burglary with intent to commit some felony, it is necessary that the indictment set out the constituent elements of the felony which the state charges the accused intended to commit after his entry into the building. Reed v. State, 14 Tex.App. 666; Treadwell v. State, 16 Tex.App. 643; O'Brien v. State, 27 Tex.App. 448, 11 S.W. 459. The indictment in the instant case fails to allege that appellant intended to take from the possession of its named owner corporeal personal property in said house. This is one of the necessary elements of the crime of theft; this being the felony which the state set up in its indictment appellant intended to commit after entry. There are many other authorities in point. It seems unnecessary to attempt to analyze them."

See, also, Rodriguez v. State, 128 Tex. Cr.R. 262, 80 S.W.2d 988; Alexander v. State, 126 Tex.Cr.R. 495, 72 S.W.2d 1073; Garrett v. State, 118 Tex.Cr.R. 71, 43 S. W.2d 120; Martini v. State, 116 Tex.Cr.R. 58, 32 S.W.2d 654; Culpepper v. State, 112

Tex.Cr.R. 350, 16 S.W.2d 1095. Cf. Lambert v. State, Tex.Cr.App., 432 S.W.2d 901.[2]

Since the decisions of the above cited cases, the various forms of theft offenses have been consolidated into a single offense in V.T.C.A., Penal Code effective January 1, 1974, as follows:

§ 31.02. Consolidation of Theft Offenses

"Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property."

We see no sufficient reason to apply the rule of Mitchell v. State, supra, and the authorities cited above to the provisions of the present Penal Code insofar as the charge of burglary with intent to commit theft is concerned.

It has consistently been held by this Court that in assault cases the indictment or information need not allege the elements of the offense intended to be committed by the assault. Indictments alleging an assault with intent to rape, or to murder, or to rob the named complainant are not required to allege the elements of rape, murder or robbery. Small v. State, Tex.Cr. App., 466 S.W.2d 281; Williams v. State, Tex.Cr.App., 491 S.W.2d 142; Ex Parte Ward, Tex.Cr.App., 470 S.W.2d 684; Welcome v. State, Tex.Cr.App., 438 S.W.2d 99; Bustillos v. State, Tex.Cr.App., 464 S. W.2d 118; Johnson v. State, Tex.Cr.App., 384 S.W.2d 885; Thom v. State, 167 Tex. Cr.R. 258, 319 S.W.2d 313; Clark v. State,

---

2. Although *Lambert* seems to hold that a burglary indictment which alleges that accused broke and entered a house "with the intent to commit theft" is valid, the appellate record in that case reflects that the indictment alleged the constituent elements of the intended theft.

162 Tex.Cr.R. 493, 286 S.W.2d 939; Jones v. State, 89 Tex.Cr.R. 355, 231 S.W. 122; Crumes v. State, 28 Tex.App. 516, 13 S.W. 868. See, also, Article 1165, Vernon's Ann.P.C., and annotations thereunder.

In Earl v. State, Tex.Cr.App., 514 S.W. 2d 273, the contention was made by the defendant that the indictment should have alleged the constituent elements of the theft in the course of which the aggravated robbery was committed. The Court, in construing V.T.C.A., Penal Code Sections 29.02 (defining robbery), 29.01, and 29.03, said:

"It is appellant's contention that the indictment should have alleged the constituent elements of the theft in the course of which the robbery was committed. In considering the argument we observe that Section 29.01, V.T.C.A. Penal Code, provides in part:

" ' "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.' "

"Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same. Of course it must be alleged and proven that the alleged offense was committed 'in the course of committing a theft' and 'with intent to obtain or maintain control of the property'[3] involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment."

■ The actual commission of the offense of theft is not a prerequisite to the commission of burglary. The unlawful entry with *the intent* to commit theft (or a felony) is the required element which must be alleged and proved. Under the definitions of burglary and theft contained in the V.T.C.A., Penal Code effective January 1, 1974, supra, although the proof will involve the necessity of establishing the *intent* to commit the offense of theft (Sections 31.02 and 31.03, V.T.C.A., Penal Code), the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft. See Earl v. State, supra.

Appellant's first ground of error is overruled.

■ In his second ground, appellant contends that the judgment and sentence of the court are void "because they improperly reflect that the enhancement portion of the indictment was dismissed, when in fact the defendant was sentenced as an habitual."

In a second paragraph, the indictment alleged a prior conviction of appellant for felony theft. V.T.C.A., Penal Code § 12.-42(b). However, the record contains a motion filed by the State on the day of the trial requesting that this paragraph be dismissed, and an order of the court bearing the same date granting this motion.

Appellant argues that since appellant was admonished by the court concerning the effects of his plea to the second paragraph, and since appellant, after such admonishment, entered a plea of "true" to the allegations of said paragraph, the record reflects that he was tried and punished as an "habitual criminal." He states that "having been subjected to such treatment, the defendant is entitled to have the judgment and sentence reflect the use of the prior conviction alleged for enhancement so that fact will be clearly established for future reference," citing Head v. State, Tex.Cr.App., 419 S.W.2d 375, 377.

3. These are constituent elements of robbery as set forth in V.T.C.A. Penal Code, § 29.02.

We find no error in that portion of the judgment which finds that the second paragraph of the indictment alleging the prior felony conviction was dismissed. The record reflects that the court did not assess punishment under the recidivist statutes.

The judgment is affirmed.

Opinion approved by the Court.