**Ricky Reynolds VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50463.**

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

Rehearing Denied Jan. 9, 1976.

Ronald D. Nickum, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty., Canyon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary of a habitation to commit injury to a child; the punishment, seven years.

In his first ground of error appellant charges the indictment is fundamentally defective because it fails to allege with particularity appellant's specific intent. The pertinent portion of the indictment alleged that appellant did then and there

"intentionally and knowingly *with intent to commit injury to a child* enter a habitation which was not then open to the public, without the effective consent of Dan Reeder, the owner thereof . ." (Emphasis added)

The offense of burglary is defined in V.T.C.A., Penal Code, Section 30.02(a)(1):

"(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, *with the intent to commit a felony or theft*; . . ." (Emphasis added.)

The issue before us is whether the indictment charges that entry was made with intent to commit a felony. V.T.C.A., Penal Code, Chapter 22, Assaultive Offenses, provides in part:

"Sec. 22.04. Injury to a Child

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct that causes serious bodily injury, serious physical or mental deficiency or impairment, or deformity to a child who is 14 years of age or younger.

(b) An offense under this section is a felony of the second degree."

The title or name of this offense, "Injury to a Child", is a part of the original legislative act (Acts 1973, 63rd Legislature, Chapter 399, Section 1) and of the new Penal Code. Although the section caption to Section 22.04, supra, does not limit or expand the meaning of the statute, it is nevertheless part of the legislative enactment.

Although the better practice would be for the State to set forth the constituent elements of the intended felony,[1] we hold this indictment sufficiently alleged entry with intent to commit a particular felony. This ground of error is overruled.

■■ In grounds of error four and five appellant charges the indictment is fundamentally defective because it fails to set out the age and name of the child. Appellant was charged with burglary with intent to commit injury to a child. The age of the child is an essential element of the intended felony. See V.T.C.A., Penal Code, Sec. 22.-04.

In *Gonzales v. State,* Tex.Cr.App., 517 S.W.2d 785, at page 787, we said:

"It has consistently been held by this Court that in assault cases the indictment or information need not allege the elements of the offense intended to be committed by the assault. Indictments alleging an assault with intent to rape, or to murder, or to rob the named complainant are not required to allege the elements of rape, murder or robbery."

In *Gonzales* we rejected the contention that an indictment for burglary with intent to commit theft is fatally defective when the specific elements of theft are not alleged.

Appellant's ground of error four is overruled.

■ Appellant contends the failure to name the child prevents him from using the disposition of this case in bar of any prosecution for the same offense. The record does not contain a written motion to quash the indictment and appellant may not now raise this issue on appeal. *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598.

■ By several grounds of error the appellant challenges the sufficiency of the evidence to support the conviction. His principal contention is that the evidence does not show that the appellant had the intent to commit injury to a child when he broke into the house in question. The prosecuting witness, an eleven year old girl, testified that she was asleep alone in her bedroom at 3:15 a. m. when she was awakened by someone "kissing and licking on my back" and that this continued for some six minutes. She had a clock at the head of her bed. She stated that there was a light

---

1. See *Faulks v. State,* Tex.Cr.App., 528 S.W.2d 607 (decided October 22, 1975), footnote 1; Morrison and Blackwell, New Texas Penal Code Forms (1973), Sec. 22.04 and Sec. 30.02F; 2 Branch's Ann. Penal Code, Sec. 30.02.

on in the hall and she got a good look at the appellant as he left. She stated that she did not scream because appellant told her not to, and that as soon as he left she reported the incident to her mother.

Her mother testified that she was awakened by the prosecuting witness who was crying and screaming and that she ascertained that the door of their apartment had been broken into and the police were called.

It is clear that the evidence is sufficient to show an unlawful trespass, but appellant contends that it is not sufficient to show an intent to injure a child as denounced by V.T.C.A., Penal Code, Sec. 22.04.

Prosecutrix' mother testified that her daughter was in a highly emotional state as the result of the appellant's actions. Dr. Cannon, a licensed practicing psychologist who specialized in young people aged from five to seventeen, testified that in his opinion conduct as set forth above could reasonably be expected to cause psychological damage to a girl of prosecutrix' age. He expressed the opinion that although prosecutrix showed no mental impairment immediately after the incident, as she reached puberty she could be expected to be afraid to be by herself and feel insecure even in the shelter of her home or her bedroom.

We conclude that appellant's conduct was calculated to cause mental impairment as denounced by the statute. Therefore, the evidence was sufficient to support the conviction.

Appellant next contends that the evidence is insufficient to show that the prosecutrix' father was the owner of the premises burglarized. He testified that when he returned home his wife reported the incident and he inspected the door which appeared to have been kicked in. The prosecutrix' mother testified that she lived at the premises burglarized and described the condition of "our front door". We hold that this testimony is sufficient to show that prosecutrix' father controlled and occupied the premises. *Taylor v. State,* Tex.Cr.App., 508 S.W.2d 393.

In ground of error seven appellant contends the State used a prior misdemeanor conviction not involving moral turpitude for impeachment during the guilt stage of the trial. On January 23, 1974, appellant had made a written confession to police that on January 19, 1974, he had entered a house in the early morning hours through an unlocked door and gone into a bedroom where a seven year old girl was sleeping and watched her until she awakened, then left. He pled guilty to criminal trespass and received one year's probation in March 1974.

During the trial of this case appellant took the stand in his own behalf and denied committing the instant offense. Such denial was tantamount to a defense of alibi. *Beard v. State,* Tex.Cr.App., 456 S.W.2d 82.

On cross examination, he was asked whether he had entered a house on January 19, 1974, and watched a seven year old girl until she awakened. The instant offense occurred June 30, 1974, some six months later, and both offenses have several common distinguishing characteristics. Thus, proof that appellant had committed the January offense was proper to refute his defensive theory, as well as to show identity and a continuous course of conduct. *McDonald v. State,* Tex.Cr.App., 513 S.W.2d 44; *Ransom v. State,* Tex.Cr.App., 503 S.W.2d 810; *Albrecht v. State,* Tex.Cr.App., 486 S.W.2d 97.

Appellant denied having committed the criminal trespass and the State then questioned him about the written confession and judicial confession he had made as being prior inconsistent statements. The conviction itself was not introduced or even mentioned by the State at the guilt stage, but, on re-direct examination, appellant, in attempting to explain his inconsistent statements, volunteered the fact that he had pled guilty and received one year's probation.

Since the extraneous offense was admissible to refute his defensive theory, there was no error in using his prior inconsistent statements made in connection with that offense for impeachment purposes. The sanctions of Article 38.29, V.A.C.C.P., do not apply, as the State did not use the conviction for impeachment, but introduced the extraneous offense to refute his defense and used the prior inconsistent statements for impeachment purposes.

In his last ground of error, appellant complains of the testimony of Officer Morris concerning the prosecutrix' identification of a photograph of appellant shortly after the offense. Although this testimony impermissibly bolstered the prosecutrix' in-court identification of appellant,[2] we hold the error in admitting this testimony is rendered harmless by the testimony of Officer Guinn.

██ Officer Guinn testified immediately preceding Officer Morris and stated that the prosecutrix picked out appellant's photograph from a picture lineup. Appellant did not object to this testimony; he objected only to the admission of the photograph and any testimony as to the details of the picture lineup. This same objection was made to the testimony of Officer Morris, and, in addition, counsel complained that Morris' testimony bolstered the testimony of Guinn, but he did not object on the grounds that it bolstered prosecutrix' testimony. Nothing is presented for review. *Williams v. State,* Tex.Cr.App., 530 S.W.2d 582 (delivered September 17, 1975); *Cox v. State,* Tex.Cr.App., 523 S.W.2d 695; *Campbell v. State,* Tex.Cr.App., 521 S.W.2d 636. Even if counsel had properly objected to Morris' testimony, the error would be harmless in light of Guinn's testimony. *Wood v. State,* Tex.Cr.App., 511 S.W.2d 37; *Hawkins v. State,* Tex.Cr.App., 505 S.W.2d 578.

The judgment is affirmed.

ODOM, J., concurs in the results.

2. See *Jackson v. State,* Tex.Cr.App., 507 S.W.2d 231; *Lyons v. State,* 388 S.W.2d

ROBERTS, Judge (dissenting).

The following opinion was originally prepared by Commissioner Davis. I hereby adopt it as my dissent to the majority's disposition of this case.

"At the outset, it is contended that the indictment is fundamentally defective.

The pertinent portion of the indictment alleged that appellant did then and there

'intentionally and knowingly *with intent to commit injury to a child* enter a habitation which was not then open to the public, without the effective consent of Dan Reeder, the owner thereof. . .' (emphasis supplied)

V.T.C.A. Penal Code, Section 30.02(a)(1), defines the offense of burglary:

'(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, *with the intent to commit a felony or theft*; . . .' (emphasis supplied)

The indictment in the instant case charged that entry of the habitation was made 'with intent to commit injury to a child.' The offense of burglary as defined in Section 30.02(a)(1), supra, requires that entry be made with the intent to commit a felony or theft. Since the indictment does not charge that entry was made with the intent to commit theft, we must determine if the indictment avers that entry was made with intent to commit a felony.

The State urges that the elements of an offense whose intended commission is a part of a charged offense need not be fully alleged and calls our attention to holdings of this Court that the offense intended by an assault need only be named in the indictment. The State cites *Small v. State* [Tex. Cr.App.], 466 S.W.2d 281 (assault with intent to rape); *Johnson v. State* [Tex.Cr.

950. Cf. *Adams v. State,* Tex.Cr.App., 514 S.W.2d 262.

App.], 384 S.W.2d 885 and *Clark v. State* [162 Tex.Cr.R. 493], 286 S.W.2d 939 (assault with intent to murder) and *Thomas v. State* [Tex.Cr.App.], 451 S.W.2d 907 and *Hunter v. State* [119 Tex.Cr.R. 558], 45 S.W.2d 969 (assault with intent to rob). Also, cited by the State is our recent opinion in *Gonzales v. State* [Tex.Cr.App.], 517 S.W.2d 785, where it was held that the constituent elements of theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft.

We find the State's reliance on the foregoing cases and Article 21.13, V.A.C.C.P.,[1] to be misplaced. Not every infliction of 'injury to a child' is a felony offense.[2] Thus, the infliction of an 'injury to a child' is not a felony per se and the averment in the indictment that entry was made with intent to 'commit injury to a child' does not amount to an allegation that entry was made with the intent to commit a felony offense.

We conclude that there is a complete failure to charge the offense of burglary since the indictment does not allege that the entry was made with the intent to commit theft or a felony offense. See *Williams v. State* [Tex.Cr.App.], 505 S.W.2d 838. If an indictment or information fails to allege that an offense was committed by the defendant, it is utterly insufficient and any conviction based thereon is void. *American Plant Food Corporation v. State* [Tex.Cr.App.], 508 S.W.2d 598."

In addition to the foregoing, I note that injury to a child can constitute the misdemeanor offense of simple assault under our new Penal Code. Sec. 22.01, V.T.C.A., Penal Code. Moreover, under the old Penal Code, even aggravated assault upon a child was a misdemeanor. Art. 1148, V.A.P.C.

Thus, the importance of specificity in charging the commission of a felony in this indictment becomes even more apparent.

I would therefore reverse this conviction and order the indictment dismissed.

ONION, P. J., joins in this dissent.

---

1. Article 21.13, V.A.C.C.P., provides:
'An indictment for an act done with intent to commit some other offense may charge in general terms the commission of such act with intent to commit such other offense.'
2. V.T.C.A. Penal Code, Sec. 22.04, provides:
'(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct that causes serious bodily injury, serious physical or mental deficiency or impairment, or deformity to a child who is 14 years of age or younger.
(b) An offense under this section is a felony of the second degree.'