Raymond Rodriquez ESPINOZA and Henry Espinoza, Appellants,

v.

STATE of Texas, Appellee.

Nos. B14–82–634CR, C14–82–635CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 23, 1983.

Discretionary Review Granted
March 28, 1984.

Ward Casey, Fort Worth, C. Tom Zaratti, Houston, for appellants.

Calvin A. Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellants were tried together, found guilty of aggravated robbery, and punishment was assessed at twenty years in the Texas Department of Corrections and a $10,000.00 fine for each. The appeals were consolidated. We reverse and remand.

On September 4, 1981, Mr. & Mrs. Gaido were robbed at gunpoint. She testified that at approximately 10:00 p.m. she heard a loud crash, went to investigate, and con-fronted two men backing her husband into the bedroom. Both men held guns in their hands, spoke English with Spanish accents, and wore facial coverings. They forced the Gaidos to lie down, tied their hands with Mr. Gaido's neckties, covered their heads with clothing, and proceeded to rob them of valuable jewelry and money. Mrs. Gaido identified the defendants in open court as the two men who robbed her and her husband.

Both defendants presented alibis. In rebuttal, the State introduced testimony of an extraneous offense committed against a Mr. and Mrs. Rimmer. Mrs. Rimmer identified both appellants as the men who had robbed them of their jewelry and money at their Fort Worth home on July 27, 1981. Because they wore masks, she identified them by voice and build. The court admitted the evidence for the purpose of identity.

▆▆▆ Each of the appellants presents six grounds of error. We will address one ground of error common to both appeals. Appellants contend the trial court committed reversible error when it allowed introduction of evidence of appellants' commission of an extraneous offense. In *Murphy v. State,* 587 S.W.2d 718 (Tex.Cr.App.1979), the court held:

"It is an established general rule of evidence that proof of similar happenings, extraneous transactions or prior specific acts of misconduct committed by a party is irrelevant to the contested material issues in the case on trial and therefore inadmissible."

When an extraneous transaction is a criminal offense, its introduction can be prejudicial. *Jones v. State,* 568 S.W.2d 847 (Tex. Cr.App.1978). However, it may become admissible if it can be proven that the extraneous offense is relevant to a material issue in the case, and the relevancy outweighs the prejudicial potential. *Ruiz v. State,* 579 S.W.2d 206 (Tex.Cr.App.1979). To establish identity, motive, or system, evidence of the commission of other offenses by the accused may be admitted. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972); *Cameron v.*

*State,* 530 S.W.2d 841 (Tex.Cr.App.1975). Therefore, a defendant's denial of the commission of the crime and his reliance on an alibi as a defense may raise the issue of identity. *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr.App.1975). When the contested, material issue is identity, there must be a showing that the extraneous offense has nearly identical characteristics with the presently contested offense. *Ford v. State,* 484 S.W.2d 727 (Tex.Cr.App.1972). Characteristics which must be common are proximity in time or place and a common mode of commission. *Ransom v. State,* 503 S.W.2d 810 (Tex.Cr.App.1974). If there is no sufficiently distinctive characteristic, the relevancy of the evidence cannot outweigh its prejudicial potential. *Ford, supra.*

■ Here the testimony about the extraneous offense was inadmissible. The two offenses have no proximity in time or place. One was in Fort Worth in July and the other in Houston in September. There were many differences in the mode of commission. In Houston the robbers threw a heavy object through a glass window; in Fort Worth they silently and suddenly appeared inside the victims' home. The robbers spoke only English in Houston; in Fort Worth they spoke Spanish when conversing with each other and English with their victims. In Fort Worth they wore hoods with slits for eyes and mouth; in Houston one wore a ski mask with large eyeholes, and the other wore a cap and bandanna.

The similarities were that in each the robbers gained entrance into the victims' homes, robbed them of expensive jewelry and money, spoke with Spanish accents, wore similar clothing, tied their victims with the husbands' neckties, and pulled the phones from the wall. These similarities are not so distinctive to be the appellants' "signature." The majority of these similarities are characteristics common to the type of crime committed rather than similarities peculiar to both offenses.

■ The rationale for the exception allowing introduction of extraneous offenses in cases where identity is an issue is to draw the inference that the identified perpetra-

tors of the extraneous offense are also the guilty parties in the case at trial. If there are insufficient similarities, the inference cannot be made, and the purpose for the exception is not present. Here there were not sufficient similarities to support the inference that the Espinoza brothers committed both offenses. The few similarities were not so distinctive that the value to the jury in hearing the testimony of the Fort Worth offense outweighed its prejudicial effect. The extraneous offense should not have been admitted. For the error in admitting the testimony of the extraneous offense, we reverse and remand. Due to the disposition of the case on this ground of error, we will not address the remaining grounds of error.

The judgment of the trial court is reversed and remanded.

ROBERTSON, Justice, dissenting.

While it could be said with factual basis that some of the court decisions have strained to find either similar or dissimilar distinguishing characteristics of the persons committing offenses extraneous to the offense on trial to either justify or reject evidence of the other offenses, we are bound by this approach in determining the admissibility of such evidence. Looking then to this record, each appellant raised the defense of alibi through testimony of witnesses that each was in Fort Worth, Texas, on the day of the commission of this offense. In rebuttal to show the alibi testimony was false and to assist in the identity of appellants as the persons who committed the offense on trial, the prosecutor called witness Rimmer who testified to a similar robbery committed in her home in Fort Worth on July 27, 1981 and identified both appellants as the robbers. With regard to the common characteristics of the two offenses, the state points out and the evidence reveals:

1. Both offenses occurred at approximately 10:00 p.m.;

2. Both sets of victims resided in an upper class neighborhood;

3. Both sets of victims were watching television at the time of the offense;

4. Two men broke into the homes on both occasions speaking in Spanish in Fort Worth and with Spanish accents in Houston;

5. On both occasions, the intruders covered their faces with masks or a bandana;

6. On both occasions, the intruders wore gloves;

7. On both occasions, the intruders wore long-sleeved dark jackets and dark blue pants;

8. On both occasions, both intruders had guns which they held with two hands;

9. On both occasions, the victims were told to lie on the ground;

10. Both sets of victims were bound with neckties of the husband victim;

11. The heads of both sets of victims were covered by the intruders with cloth material;

12. The intruders in both cases took money and valuable jewelry—some $360,000 in the instant offense and some $95,000 in the extraneous offense;

13. On both occasions, the intruders did not steal the costume jewelry; did not take any works of art; and did not steal the silver.

I believe there are sufficient similar and distinguishing characteristics to authorize admission of the evidence. *Dickey v. State,* 646 S.W.2d 232 (Tex.Cr.App.1983). The jury was properly instructed that before they could even consider the evidence they must believe beyond a reasonable doubt the appellants committed the Fort Worth offense, and even then they could consider the evidence only for the purpose of proving identity—even if it did that. Therefore, I respectfully dissent.