**Andrew William GALLEGOS, Jr., a/k/a James Ciengi, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00392–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 10, 1990.

Discretionary Review Refused April 11, 1990.

Alfred Hernandez, San Antonio, for appellant.

Fred G. Rodriguez, Jay Norton, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant[1] was indicted for the offense of burglary of a habitation with intent to commit sexual assault. Appellant entered a plea of guilty before the court. He was found guilty of the offense as charged in the indictment and was sentenced to forty five (45) years' imprisonment.

In his sole point of error, appellant contends that the charging instrument is fundamentally defective because it alleges a burglary of a habitation with intent to commit sexual assault, but fails to specify who was the target of the sexual assault. We disagree.

The relevant portion of the indictment[2] alleges:

"... on or about the 13th day of August, A.D., 1988 ... [appellant] did then and there intentionally and knowingly enter a habitation with the intent to commit the felony of Sexual Assault, without the effective consent of [complainant], the owner of said habitation;"

"It is unnecessary to allege the name of the intended victim when rape is the intended felony named in a burglary indictment under § 30.02, *supra.*" *Denison v. State,* 651 S.W.2d 754, 759 (Tex.Crim.App.1983) (en banc). We see no reason why the same rule should not apply where the intended felony is sexual assault. Further, such alleged errors are not fundamental. *Vaughn v. State,* 530 S.W.2d 558, 560 (Tex. Crim.App.1975).

Although not claimed as a point of error, appellant nevertheless alludes to the allegation that because of the failure of this indictment to name the target of the intended sexual assault, appellant is precluded from pleading this case in bar of any subsequent prosecution for the same offense. This complaint however, must be presented to the trial judge in "a written motion to quash the indictment and appellant may not now raise this issue on appeal" without it. *Vaughn,* 530 S.W.2d at 560. Further, the Texas Code of Criminal Procedure, art. 1.14(b)[3] provides:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding....

Moreover, appellant had voluntarily plead guilty without a plea bargain and "[t]he law provides that where there is no plea bargain and a plea of guilty is voluntarily and understandably made all nonjurisdictional defects including claimed depri-

---

1. Appellant was indicted under the name of James Ciengi but suggested a true name of Andrew William Gallegos at the time of his guilty plea. No error is alleged on this ground.

2. Under TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989).

3. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1990).

vation of federal due process are waived. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim. App.1972)." *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App.1987).

The record shows that appellant plead guilty without a plea bargain, and failed to present to the court any motion to quash the indictment on any grounds. We find no fundamental error in the indictment as alleged, appellant has waived all nonjurisdictional defects, and no jurisdictional complaints are before us. The point is rejected.

The judgment is affirmed.